**RANGER INSURANCE COMPANY,**
**Plaintiff-Appellee,**

v.

**RAM FLYING CLUB & Scott**
**Davis, Defendants,**

**and**

**Scott A. Royer,**
**Defendant-Intervenor-Appellant.**

**No. 81CA1057.**

Colorado Court of Appeals,
Div. III.

July 29, 1982.

Rehearing Denied Aug. 26, 1982.

Paul D. Renner, P.C., Paul D. Renner, Patrick J. Burke, Denver, for plaintiff-appellee.

Mason, Reuler & Peek, P.C., Steven H. Gurwin, Denver, for defendant-intervenor-appellant.

VAN CISE, Judge.

Scott A. Royer sued defendants Ram Flying Club (the Club) and Scott Davis to recover damages for personal injuries sustained in an airplane crash. Plaintiff, Ranger Insurance Company (Ranger), then instituted this action seeking a declaratory judgment absolving it from liability under its policy insuring the Club. Summary judgment was entered in favor of Ranger. Royer appeals. We affirm.

The following facts are undisputed. On or about January 19, 1977, Royer, a student pilot and member of the Club, under the direct supervision and control of Davis, his flight instructor, engaged in an instructional flight. Royer was responsible for the pre-flight procedures. He checked the plane out prior to flight, started the plane, taxied into position, took off, and put the plane through various maneuvers. At some point prior to the accident, Davis obtained control of the plane.

At the time of the accident, the Club was covered by an insurance policy issued by Ranger which contained an exclusion for the bodily injury of any person who is a "pilot or crew member." The policy defined the words "pilot" or "crew" as "any person or persons involved in the operation of the aircraft while in flight." Attached to the policy was "Special Provisions Endorsement" which provided that:

> "This policy does not apply to any occurrence or to any loss or damage occurring while the aircraft is being operated in flight by a student pilot unless each flight is under the direct supervision and specifically approved by a properly qualified Flight Instructor certified by the Federal Aviation Administration."

Relying principally on *Matthews v. Ranger Insurance Co.*, 281 So.2d 345 (Fla.1973), Royer contends on appeal that the court erred in concluding that the insurance contract, taken as a whole, excluded coverage for injuries sustained by Royer. Primarily, he asserts that, in light of the language of the special endorsements provision as to student pilots and the fact that he was not in control of the plane when it crashed, he is not subject to the same exclusions as a licensed pilot. We disagree.

Royer's reliance on *Matthews v. Ranger Insurance Co., supra*, a four to three decision of the Florida Supreme Court, is misplaced. In *Matthews,* the majority relied on additional and, arguably, inconsistent provisions contained in the application in determining that there was an ambiguity and that coverage was afforded. However, the application is not involved in our case.

*Travelers Insurance Co. v. Warner,* 169 Colo. 391, 456 P.2d 732 (1969) is dispositive as to Royer's contention of lack of control. In *Travelers,* the term "crew" was determined to mean "a company of two or more persons associated together for the

purpose of operating an aircraft between different points or during a certain time interval." The owner-pilot of the plane in *Travelers* was accompanied by a second pilot who was thought to have had actual control of the plane when it crashed. The *Travelers* court determined that it was not relevant who had control because both were involved with the operation of the plane during the flight and thus both were excluded from coverage as "crew" members. And, in the instant case, the court correctly ruled that Royer was "a person involved in the operation of the aircraft while in flight" and was, therefore, a "crew member."

Viewing the policy as a whole, we conclude that it was the intent of the policy that the operators of the aircraft would not be afforded bodily injury coverage. Passengers would be afforded coverage and property damage would be covered unless the flight was operated by a student pilot not being properly supervised. These are the sole effects of the special provisions endorsement.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.