DOMENGEAUX, Judge.
Oscar Cruz and Gwen Cruz brought suit against The Home Insurance Company seeking to recover the benefits of a life insurance policy they allege covered the life of their son, Oscar Kenneth Cruz. The trial court rendered judgment in favor of Oscar Cruz, as only Oscar Cruz was named as a beneficiary in the policy. The plaintiff was awarded the amount of the policy, $150,000.00, together with interest from the date of judicial demand and all costs associated with the trial. The court declined to award interest pursuant to La. R.S. 22:656 (1948) (amended 1958 & 1980) concluding that the defendant-insurer had presented a serious policy defense and, therefore, was not without just cause in refusing to pay the beneficiary within the sixty day statutory period. The defendant filed this appeal questioning the trial court’s interpretation of an exclusionary clause in the policy.
Oscar Kenneth Cruz, the decedent, on the morning of July 30,1984, was receiving flight instructions from Christian Welde of McFillen Air Charter, Inc., of Lake Charles, Louisiana. Cruz, the holder of a private pilot’s license was attempting to acquire a commercial pilot’s license. Witnesses stated, according to the National Transportation Safety Board Factual Report, that Cruz and Welde, just prior to the accident, took off near the end of the McFillen Air Park runway and executed a steep climb to an altitude estimated to be 150 to 250 feet. Once the aircraft, a single engine Piper PA-28-161, reached the 150 to 250 foot mark, witnesses reported the engine power being retarded to idle or being completely lost or shut-off. The craft then made a sharp left decending turn. Immediately prior to ground impact, witnesses reported hearing the engine accelerated to full pow *23 er. Cruz and Welde both died as the result of injuries received in the crash.
The decedent, at the time of his death, was an employee of Transco Companies, Inc. and was a “Covered Person” according to the terms of a group insurance policy Transco had purchased from The Home Insurance Company for the benefit of its employees. The policy provided, in part, that,
This Policy does not cover any loss caused by, contributed to or resulting from: ... (5) travel or flight in any aircraft except to the extent such travel or flight is provided in “Description of Hazards”, of this Policy.
The “Description of Hazards” section of the contract provided that,
The hazards against which insurance is provided a Covered Person, under this Policy, are: ...
AIRCRAFT COVERAGE
Insurance provided under this Policy includes injury sustained while the Covered Person is riding as a passenger (but not as a pilot, operator, member of the crew, or cabin attendant) in or on, boarding or alighting from (1) any civilian aircraft having a current and valid standard category airworthiness certificate. ...
The issue which confronted the trial court, and which we now must address, is whether The Home Insurance Company and Transco Companies, Inc. intended that a “Covered Person” would retain that status while receiving flight instruction as a student pilot. The trial court rendered judgment for the plaintiff concluding that the policy language was ambiguous. We affirm.
We are instructed by La.Civ. Code arts. 2045, et seq. (formerly La.Civ. Code arts. 1945, et seq.) and the jurisprudence interpreting the Code that our prime responsibility when presented with a question of contractual interpretation is to ascertain the intentions of the parties at the time the contract was executed. Graves v. Traders & General Insurance Company, 252 La. 709, 214 So.2d 116 (1968). We are further appraised, with regard to the particular type of contract at issue, an insurance contract, that clauses which exclude coverage are to be strictly construed and that any ambiguity in an insurance policy is to be broadly construed in favor of coverage. Sherwood v. Stein, 261 La. 358, 259 So.2d 876 (1972); Insurance Company of North America v. Solari Parking, Inc., 370 So.2d 503 (La.1979). We believe for the very narrow issue presented by this case, that the policy is ambiguous.
Coverage under the policy is based upon a distinction between “passengers,” for whom coverage is provided, and “pilots, operators, members of the crew and cabin attendants,” all of whom are denied coverage. We do not believe that the decedent was merely a passenger at the time of his death but, we are also unable to conclude that he was a pilot, operator, member of the crew or a cabin attendant. The ambiguity in this case arises because, the pivotal terms, which are ordinarily easily understood, provide no guidance in determining the status of one receiving flight training.
Contrasted with this decision is that of Pan American Fire & Casualty Company v. Edwards Aircraft, Inc., 377 F.Supp. 205 (N.D.Ala.S.D.1974). The court in Edwards Aircraft, although confronted with factually similar circumstances and called upon to resolve a similar issue, concluded that the student pilot was not entitled to coverage. The distinction between Edwards Aircraft and the instant case is that the policy under review in Edwards Aircraft provided explanation for the terms “passenger” and “pilot.”
The testimony of Hughes A. Moorer, Jr., the plaintiffs expert witness, an expert in the fields of aircraft piloting, flight instruction, ground school instruction and accident reconstruction, provides additional support for concluding that the decedent was entitled to coverage. Moorer, although he declined to state that Cruz was only a passenger, did conclude that he was not an operator, member of the crew or cabin attendant. Moorer concluded that Cruz was a “pilot” but, a pilot only in the sense that he was *24 flying the plane under the guise of another, This we interpret, as did Moorer, to mean that Cruz was a “student pilot.” Moorer’s conclusion rests on the fact that during flight training it is the instructor pilot who is solely responsible for the flight and that student pilots do not have any assigned duties regarding the operation of the aircraft. See, Mathews v. Ranger Insurance Company, 281 So.2d 345 (Fla.1973); Foremost Insurance Company v. Sheppard, 610 F.2d 551 (8th Cir.1977).
For the above and foregoing reasons the judgment of the district court in favor of' Oscar Cruz, the plaintiff-appellee, is affirmed.
All costs of this appeal are assessed against The Home Insurance Company, the defendant-appellant.
AFFIRMED.