Carolyn L. JORDAN, as Executrix of the Estate of James I. Jordan deceased, Plaintiff–Appellee, Cross Appellant,

v.

NATIONAL ACCIDENT INSURANCE UNDERWRITERS INC., Defendant.

Reliable Life Insurance Company, Defendant–Appellant, Cross Appellee.

No. 89–7608.

United States Court of Appeals, Eleventh Circuit.

Jan. 29, 1991.

Robert C. von Ohlen, Jr., Adler, Kaplan & Begy, Chicago, Ill., Steven F. Casey, Balch & Bingham, Birmingham, Ala., for defendant-appellant, cross appellee.

James J. Thompson, Jr., John W. Haley, Bruce J. McKee, Hare, Wynn, Newell and Newton, Birmingham, Ala., for plaintiff-appellee, cross-appellant.

Before HATCHETT and ANDERSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

Carolyn Jordan's husband, James Jordan, was killed in the crash of a private plane. He was covered under a group accidental death policy provided by his employer and issued by Reliable Insurance Company. The policy covered injuries sustained from aviation accidents, provided the insured was riding as a passenger and not as a

pilot or crew member of the aircraft involved in the accident. Carolyn filed a claim with Reliable, and it denied coverage on the ground that James was not riding as a passenger on the flight. She sued, asserting diversity jurisdiction, alleging that Reliable had breached the policy, and the district court awarded her the policy proceeds. Reliable appeals and Jordan, by cross-appeal, questions the rate of interest awarded by the court. We affirm the award of damages,[1] and certify the question of interest to the Supreme Court of Alabama.

## BACKGROUND

James Jordan obtained his private pilot's license in 1976 and his instrument rating in 1978.[2] He accumulated over 600 hours of flight time in private aircraft and was part owner of a six-seat Cessna Centurion. This aircraft was equipped with dual controls so that it could be flown from either of the two front seats. The left front seat was designated the pilot's seat and the right front seat the co-pilot's or passenger's seat. In November 1986 Jordan hired Jack Page, a professional flight instructor, to give him a refresher course in instruments-only flying. Page is a highly experienced pilot who has flown more than 9,000 hours in military and civilian aircraft.

On the day of the crash Jordan made arrangements for himself and Page to take his plane up for instrument practice. He called the FAA to obtain a weather briefing and file a flight plan. He performed a pre-flight inspection of the aircraft, taxied to the runway, and took off. As Jordan and Page flew from Birmingham to Montgomery, Jordan sat in the pilot's seat and handled all the flight controls without assistance from Page. After landing in Montgomery the two men took off again to practice instruments-only landings. Again,

Jordan performed all of the pre-flight procedures, sat in the pilot's seat, and handled all the flight controls alone. As he maneuvered the plane on the practice landing approach he wore a device that allowed him to see only the aircraft's instruments.

The plane suddenly lost power while it was on final approach. Page immediately engaged his set of flight controls and took over the throttle and the control wheel. He instructed Jordan to switch fuel tanks and engage the fuel pump boost as part of the emergency procedures for a loss of power.[3] Page attempted to guide the plane back to the Montgomery airport, but it struck power lines and crashed. Page survived the crash but Jordan was killed. Approximately 30 seconds elapsed from the time that Page took control of the aircraft until impact. Page did not operate any of the flight controls that day outside of that 30 second period.

Jordan sued, and Reliable moved for summary judgment. The court denied the motion, and the case was tried on the merits. Two provisions of the policy were at issue:

SECTION II   DESCRIPTION OF COVERAGE

Subject to the conditions, limitations and exclusions of the policy, the insurance granted hereunder shall apply to the injuries sustained by an Insured Person anywhere in the world provided that *aviation coverage shall be limited to riding as a passenger (and not as a pilot or member of the crew)* in any previously tried, tested and approved aircraft. (emphasis added).

\*   \*   \*   \*   \*   \*

SECTION IV   EXCLUSIONS

The policy does not cover an Insured Person for any loss caused by, contributing to or resulting from:

\*   \*   \*   \*   \*   \*

---

1. In addition to the issues discussed below, Reliable also contends that the district court improperly denied its motion for summary judgment. Because we affirm the court's ruling for Jordan on the merits, we also affirm its denial of summary judgment to Reliable.

2. The Federal Aviation Administration ("FAA") issues instrument ratings to pilots who demonstrate their ability to fly an aircraft "blind," i.e. solely by reference to its instruments.

3. Page testified at his deposition that he was not sure whether Jordan complied with these instructions.

(5) injury sustained while, or in consequence of, riding as a passenger or otherwise, in:

\* \* \* \* \* \*

(a) any vehicle or device for aerial navigation other than as provided by Section II, Coverage.

Reliable advanced three principal contentions relating to interpretation of the policy on summary judgment and at trial: (1) the policy required that the status of an insured person as passenger, pilot or crew member be established at some point during the flight *before* the death or injury occurred (i.e. before the so-called moment of impact); (2) Jordan bore the burden of proving that her husband was a passenger and was thus covered by the policy; and (3) even if the insured person's status was to be determined at the moment of impact, Jordan's actions during the flight nevertheless established that he was a pilot or crew member and therefore was not entitled to coverage.

The district court, applying Alabama law, rejected each of these contentions and ruled for Jordan. First, the court held that the policy was ambiguous, and, construing it against its drafter as required by Alabama law, it determined that an insured's status must be determined at the moment of impact. Second, it placed the burden of proof on Reliable, holding that, when read together, Sections II and IV of the policy created an exclusion for pilots and crew members, and that under Alabama law an insurer bears the burden of proving that a particular loss falls within a policy's exclusionary clause. Third, the court held that Reliable had not met its burden of proving that Jordan was a pilot or crew member at the moment of impact and that therefore

the policy covered him at the time of his death. 716 F.Supp. 582 (N.D.Ala.1989).

It awarded Carolyn the $375,000 face value of the policy, plus six percent annual interest as provided for by Ala.Code § 8–8–1. The court denied Jordan's request under Ala.Code § 27–1–17 for an award of interest at the rate of one and one-half percent per month.

## DISCUSSION

### I. RELIABLE'S APPEAL

#### *Interpretation of the Policy*

■ Reliable first contends that the policy required that an insured person's status as passenger, pilot or crew member be determined at some time prior to the moment of impact. In support of its position Reliable cites numerous decisions in which courts have rejected the moment of impact test in cases involving comparable policy provisions and similar factual circumstances.[4] Carolyn counters with other cases that support her contention that because the moment of impact is the proper time to determine an insured person's status under the policy, her husband was a passenger and therefore entitled to coverage.[5] These cases have produced a variety of conflicting holdings, none of which is binding on us. Reliable and Jordan invite us to take a side in this split among the courts over the moment of impact test. We find it unnecessary to do so. Instead we rest our ruling on the ground that the policy is ambiguous and therefore must be construed against Reliable. Alabama courts construe ambiguous insurance policies "liberally in favor of the insured and strictly against the insurance company." *Champion Ins. Co. v. Wilkins,* 544 So.2d 965, 967 (Ala.1989), citing *Ho Brothers*

---

**4.** No Alabama court has considered this question. Cases from other jurisdictions that reject the moment of impact test include *Beckwith v. American Home Assurance Co.,* 565 F.Supp. 458 (W.D.N.C.1983) (applying North Carolina law in a case in which the policy provisions and facts were virtually identical to those of this case); *Keyser v. Connecticut General Life Ins. Co.,* 617 F.Supp. 1406 (N.D.Ill.1985) (applying Illinois law); *Travelers Ins. Co. v. Warner,* 169 Colo. 391, 456 P.2d 732 (1969); *Ranger Insurance v.*

*Ram Flying Club,* 653 P.2d 65 (Colo.Ct.App. 1982); *Le Breton v. Penn Mutual Life Ins. Co.,* 67 So.2d 565 (La.1953).

**5.** Jordan cites *Vander Laan v. Educators Mutual Ins. Co.,* 356 Mich. 318, 97 N.W.2d 6 (1959); *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Association,* 215 Kan. 937, 529 P.2d 171 (1974); *Cruz v. Home Ins. Co.,* 511 So.2d 22 (La.App.1987).

*Restaurant, Inc. v. Aetna Casualty and Surety Co.*, 492 So.2d 603, 605 (Ala.1986).

This is an ambiguous policy because it does not define the terms that set out the limits of coverage. The cases cited by both parties, *see* n. 4 and 5, illustrate the variety of interpretations that courts have given to "pilot," "passenger," "member of the crew" and other key terms in the policy. Some of these courts have adopted the moment of impact test in construing these terms, *see e.g. Vander Laan,* while others have rejected it, *see e.g. Beckwith.* As we said in another case in which we were called on to interpret an ambiguous policy provision in light of conflicting case law, "[u]nder Alabama law, if an insurance contract provision is subject to more than one interpretation, it should be construed in favor of coverage, and against the insurer." *Colbert County Hospital Board v. Bellefonte Ins. Co.*, 725 F.2d 651, 654 (11th Cir.1984).

Faced with the ambiguity created by the conflicting case law, Reliable could have limited coverage by defining the key terms in the policy so as to expressly rule out the moment of impact test. It could have defined "pilot" as "any person who operates any flight control at any time during the flight in question," but it did not. It now asks us to read this definition into the policy. This we cannot do in light of Alabama law's strong policy requiring that ambiguous insurance policies be construed against the insurer. *See Champion,* 544 So.2d at 967.

Construing the policy against Reliable, we hold that it required that Jordan's status as passenger, pilot or crew member be determined at the moment of impact.

*Burden of Proof*

Reliable next contends that Jordan bore the burden of proving that her husband was a passenger, while Jordan asserts that Reliable bore the burden of proving that he was a pilot or crew member. We agree with the district court that because Reliable denied coverage under an exclusionary clause it bore the burden of proving that the exclusion for pilots and crew members applied. Under Alabama law the general rule is that the insured bears the burden of proving coverage. *See Colonial Life and Accident Ins. Co. v. Collins,* 194 So.2d 532, 535 (1967). But when an insurer denies coverage based on an exclusionary clause it bears the burden of proving the applicability of that exclusion. *Burton v. State Farm Fire and Cas. Co.*, 533 F.2d 177, 178 (5th Cir.1976) (applying Alabama law), citing *Fleming v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 293 Ala. 719, 722, 310 So.2d 200 (1975).

Reliable contends that the district court should have placed the burden of proof on Jordan because it denied coverage based on a coverage provision rather than an exclusionary provision, and cites *Colonial Life* in support of its contention. *Colonial Life* involved a policy that covered injuries sustained "[w]hile riding in or driving ... an automobile, station wagon, light or heavy duty truck, motor bus, taxicab or ambulance, but excluding all other type motor driven vehicles." 194 So.2d at 533. The insured, a taxi driver, was found stabbed to death 300 yards from his taxi. The insurer denied coverage on the ground there was no evidence that the insured was driving the taxi at the time of his death, and the Alabama Supreme Court agreed, holding that the insured had failed to carry her burden of proving coverage.

We agree with Carolyn that *Colonial Life* is factually distinguishable, for, although the policy in that case contained an exclusionary clause, that clause was not at issue. The exclusionary clause in *Colonial Life* merely limited coverage to the types of vehicles listed in the coverage section, while the insurer denied the claim under the coverage provision on the ground that the fatal injuries did not occur while the insured was driving and not because the insured was driving an excluded type of vehicle. Thus the court properly placed the burden of proving coverage on the insured.

In this case Reliable depends on an exclusionary clause to deny coverage. The provision from Section IV excludes all injuries arising from aviation accidents regardless of whether the insured is "riding as a pas-

senger or otherwise ... other than as provided in Section II, Coverage." Section II then provides that "aviation coverage shall be limited to riding as a passenger (and not as a pilot or member of the crew) in [an] aircraft." Thus when Reliable contends that Section II, the coverage provision, does not apply to Carolyn's claim it is attempting to place the claim within Section IV's exclusion of all aviation-related injuries not provided for by Section II. Therefore, unlike the insurer in *Colonial Life*, which did not depend on an exclusion to deny coverage, Reliable bore the burden of proving that the exclusionary provision applied to Jordan's claim.

The district court's determination that Reliable failed to meet that burden was not clearly erroneous. We have held that James' status under the policy had to be determined at the moment of impact. Examining the evidence relating to that moment, we conclude that the district court did not commit plain error in holding that Reliable failed to meet its burden of proving that the pilot-crew exclusion applied, because it did not prove that James was within an excluded status at the moment of impact.

## II. JORDAN'S CROSS APPEAL

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE TO THE SUPREME COURT OF ALABAMA AND ITS HONORABLE JUSTICES:

■ It appears to the United States Court of Appeals for the Eleventh Circuit that this cross-appeal involves a question of Alabama law that is determinative of the issue of the proper award of interest in this cause, a question that is unanswered by controlling precedent of the Supreme Court of Alabama. The question involves an interpretation of Ala.Code § 27–1–17, which provides in pertinent part:

(a) All persons, firms, corporations or associations issuing health and accident insurance policies within this state shall consider claims made thereunder and, if found to be valid and proper, shall pay such claims within 45 days after the receipt of proof of loss under such policies.

\*　　\*　　\*　　\*　　\*　　\*

(b) If the claim is not denied for valid and proper reasons by the end of said 45–day period, the insurer must pay the insured one and one-half per cent per month on the amount of said claim until it is finally settled and adjudicated.

Ala.Code § 27–1–17.

■ Jordan contends that the district court erred in not granting her interest under this provision. The district court based its decision on its interpretation of the phrase "valid and proper reasons" in § 27–1–17(b). After noting that no Alabama court had construed the provision, and expressing uncertainty as to the intended meaning of the phrase, it rejected Jordan's claim on the ground that the statute does not apply to a case such as this one where the insurer's reasons for denying the claim, although ultimately rejected by the court, are based on a "legitimately debatable dispute between the parties."[6] We agree with and affirm the district court's holding that Reliable's denial of coverage was based on a legitimate dispute between the parties over their interpretation of case law.

---

**6.** The district court also suggested that if Jordan's claim did fall within the terms of the statute it might be preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, which preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). Reliable has adopted that suggestion and now contends that Jordan's claim for interest under § 27–1–17, though not her underlying claim for damages, is preempted by ERISA. It cites *Moon v. American Home Assur. Co.,* 888 F.2d 86 (11th Cir.1989), in support of its position. This reliance is misplaced, for although we held in *Moon* that ERISA "preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan," 888 F.2d at 88, Jordan's claim for interest is not a separate cause of action subject to preemption by ERISA.

Because resolution of this issue would be determinative of Jordan's cross-appeal we certify the following question to the Supreme Court of Alabama:

DOES THE RATE OF INTEREST SPECIFIED BY ALABAMA CODE § 27–1–17 APPLY WHEN AN INSURER DENIES A HEALTH OR ACCIDENT CLAIM BASED ON ITS INTERPRETATION OF CASE LAW, AND SUCH INTERPRETATION, ALTHOUGH ULTIMATELY REJECTED BY THE COURT, IS A DEFENSIBLE ONE?

We do not intend the particular phrasing of this question to limit the Supreme Court of Alabama in its consideration of the problems posed by this issue. In order to assist the court's consideration of the question the parties' briefs and the record excerpts filed in this case shall be transmitted to the Supreme Court of Alabama.

ANDERSON, Circuit Judge, concurring specially:

I concur in the result only.