**Edward R. COCKEY, Executor of Estate of Christopher Ashwell Cockey; and Catherine C. Boulineau, Plaintiffs,**

**v.**

**LIFE INSURANCE COMPANY of NORTH AMERICA, Defendant.**

**Civ. A. No. CV191–055.**

United States District Court, S.D. Georgia, Augusta Division.

Sept. 3, 1992.

---

Robert E. Knox, Jr., Thomson, Ga., for plaintiffs.

H. Sanders Carter, Jr., Carter & Ansley, Atlanta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

Before the Court is Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiffs' complaint arises out of the death of Ashwell Cockey. The decedent was employed by Western Atlas International, Inc., which provided certain benefits to its eligible employees. Included among the benefits was accidental death insurance coverage provided under two group policies issued to Western Atlas by Life Insurance Company of North America (LINA). Eligible employees of Western Atlas were provided with an Employee Benefits Handbook which explained the various employee benefits provided by Western Atlas, including the accidental death insurance coverage. Under the "Basic Accidental Death and Dismemberment" policy, premiums were to be paid by the employer. Under the "Voluntary Personal Accident Coverage" policy, premiums were to be paid by the employee through deductions from the employee's paycheck. As an eligible employee of Western Atlas, Mr. Cockey was insured under both group policies at the time of his death on April 1, 1990. Plaintiff Catherine C. Boulineau is the named beneficiary of the decedent's policies; Plaintiff Edward R. Cockey is the executor of the decedent's estate.

The original complaint was filed in the Superior Court of McDuffie County, Georgia, alleging that Defendant had "failed and refused to pay Plaintiffs ... $335,-000.00 ... in death benefits" as set forth in decedent's insurance policies.[1] In addition, Plaintiffs sought damages under O.C.G.A. § 33–4–6 in the amount of $83,750.00 for Defendant's alleged bad faith refusal to pay the death benefits, plus reasonable attorney's fees. Defendant removed the action to this Court in accordance with 28 U.S.C. §§ 1441 & 1446, based upon federal question jurisdiction arising under the Employee Retirement Income Security Act of 1974 (ERISA), Pub.L. No. 93–406, 88 Stat. 832 (1974) (codified as amended at 29 U.S.C. §§ 1001–1461); or, in the alternative, diversity jurisdiction under 28 U.S.C. § 1332.

Defendant subsequently moved for summary judgment on the grounds that (1) plaintiffs' claims are state-law breach of contract, bad faith, and attorney's fees claims that are preempted by ERISA, 29 U.S.C. § 1144(a); and (2) that Plaintiff Edward R. Cockey is not a proper party to the action. In response, Plaintiffs assert: (1) that Plaintiffs' allegation regarding Defendant's failure to pay death benefits should be considered as a claim arising under ERISA; (2) that, if necessary, they should be allowed to amend their complaint to state that the death benefits claim is brought under ERISA; (3) that the state-law bad faith and attorney's fees claims are not preempted by ERISA; and (4) even if state-law attorney's fees claims are preempted by ERISA, ERISA itself provides for attorney's fees and costs. Plaintiffs now agree with Defendant, however, that Edward R. Cockey is not a proper party to the action.

## II. THE REQUIREMENTS FOR SUMMARY JUDGMENT

 The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving

---

1. Plaintiffs originally named CIGNA Employee Benefits Companies and Life Insurance Company of Texas as defendants. By consent order entered April 18, 1991, those defendant parties were dropped, and Life Insurance Company of North America was added as the correct party defendant.

party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368 (11th Cir.1982). The party moving for summary judgment may meet this burden upon showing that the adverse party has failed to make a showing sufficient to establish the existence of an element essential to the adverse party's case, and on which the adverse party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If any factual issue is unresolved by the motion for summary judgment, then the Court may not decide that matter. *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981).

The Court must resolve all reasonable doubts in favor of the adverse party. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir.1981). When, however, the moving party's motion for summary judgment pierces the pleadings, the burden then shifts to the adverse party to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The adverse party cannot carry this burden by reliance on the pleadings, or by repetition of conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir.1981), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982). Rather, the adverse party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56.

The Clerk has given the adverse party notice of the motion for summary judgment, the right to file affidavits or other materials in opposition to the motion, and of the consequences of default. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir.1985). Thus, the notice requirement of *Griffith* is satisfied. The parties having submitted any desired responses and materials in support thereof, I will now rule upon the motion.

## III. ANALYSIS

### A. *The Accidental Death Benefits Claim*

1. "Employee welfare benefit plan" is defined by ERISA to include, *inter alia*, any plan, fund or program ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of ... accident [or] death....

29 U.S.C. § 1002(1).

State laws that "relate to any employee welfare benefit plan" are generally preempted by ERISA, although state laws regulating insurance are exempted from this preemption provision. *Id.* § 1144. This "relate to" preemption provision applies not only to state laws specifically designed to affect employee benefit plans but also to state-law causes of action. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–1553, 95 L.Ed.2d 39 (1987). Defendant contends that the death benefit claim is preempted by ERISA, because the claim is a state-law breach of contract claim. *See id.* at 43, 47–48, 107 S.Ct. at 1550, 1552–1553.

Paragraph Four of Plaintiffs' complaint alleged that the decedent "was an employee of Western Atlas International and was covered by Group Policies ... issued by Defendants, all as evidenced by letter ... accompanying death claim from Western Atlas International and was covered by Group Policies ... issued by Defendants, all as evidenced by letter ... accompanying death claim from Western Atlas International to Plaintiff Catherine C. Boulineau...." Paragraph Five further alleged that Plaintiff Boulineau is the beneficiary. Paragraph Six asserted that the policies provide for a death benefit of $335,000.00. Paragraph Ten of Plaintiffs' complaint asserted "[t]hat Defendants [sic] have failed

and refused to pay Plaintiffs ... $335,-000.00 ... in death benefits as set forth in said policies and that Defendants owe to Plaintiffs the amount of said death benefits, to-wit: $335,000.00."

■ A claim against an insurer for refusal to pay accidental death benefits under a group insurance policy purchased from the insurance company by the decedent's employer pursuant to an employee welfare benefit plan is properly reviewed under the preemptive provisions of ERISA. *Moon v. American Home Assur. Co.*, 888 F.2d 86, 87–88 (11th Cir.1989). Preemption occurs because a claim for insurance proceeds "relates to" an employee benefit plan when the plaintiff-beneficiary's theory is that the defendant insurance company, which issued a group insurance policy pursuant to an employee welfare benefit plan, was not excused from payment because the decedent's death was a covered event under the terms of the group policy. *Shiffler v. Equitable Life Assur. Soc.*, 838 F.2d 78, 82 (3d Cir.1988). Therefore, Plaintiffs' claim here against LINA for unpaid death benefits under the Basic Accidental Death and Dismemberment policy is preempted by ERISA.

■ As for the "Voluntary Personal Accident Coverage" policy under which premiums were to be paid by the employee rather than the employer, it is true that 29 C.F.R. § 2510.3–1(j) recognizes that an employer may be involved in a plan without establishing or maintaining it, and thus under certain specific conditions the plan does not qualify as an "employee welfare benefit plan." *Donovan v. Dillingham*, 688 F.2d 1367, 1373 n. 11 (11th Cir.1982).[2] Where a plan is presented to employees as one belonging to the employer's benefits package, however, as opposed to merely permitting the insurer to publicize the program to employees, the plan is an "employee welfare benefit plan" under ERISA, 29 U.S.C. § 1002(1), even though the employees pay the premiums. *Shiffler v. Equitable Life Assur. Soc.*, 663 F.Supp. 155, 161 (E.D.Pa.1986), *aff'd*, 838 F.2d 78 (3d Cir. 1988). Here, the "Voluntary Personal Accident Coverage" was presented as part of Western Atlas's benefits package as opposed to merely allowing LINA to publicize the program to Western Atlas's employees, and thus it qualifies as an "employee welfare benefit plan." Therefore, Plaintiffs' claim against LINA for unpaid benefits under the voluntary plan is preempted by ERISA.

■ 2. The determination that Plaintiffs' claim for accidental death benefits is governed by the preemptive provisions of ERISA does not, however, dispose of the claim. "ERISA preemption does not act as a defense to a state-law claim, which is the usual effect of federal preemption; instead, ERISA preemption converts the related claim into a federal question." *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir.1987). A claim against an insurance company to recover proceeds from a group policy established by an employer as part of an employee benefits package is easily characterized as one by a potential beneficiary to recover benefits under a plan and is thus within ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir.1991). Plaintiffs' state-law claim for benefits is thus converted into a federal claim. *Id.* Because (1) Defendant present-

---

**2.** For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which (1) No contributions are made by an employer or employee organization; (2) Participation [in] the program is completely voluntary for employees or members; (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3–1(j).

ed ERISA preemption alone as the basis for summary judgment on the death benefits claim, (2) ERISA preemption alone is not a defense to the claim, and (3) the claim is converted into a federal claim under 29 U.S.C. § 1132(a)(1)(B), plaintiff may proceed with the death benefits claim.

### B. The Bad Faith and Attorney's Fees Claims

 1. Plaintiffs seek bad faith damages based on Defendant's refusal to pay the death benefits claim within sixty days after demand, plus attorney's fees, under O.C.G.A. § 33–4–6.

 A state law that relates to insurance provided pursuant to an ERISA plan but which is not part of the state insurance regulatory scheme is preempted by ERISA. *Moon v. American Home Assur. Co.*, 888 F.2d 86, 89 (11th Cir.1989). In *Moon*, the plaintiff brought an action against an insurance company for its refusal to pay accidental death benefits under a group insurance policy purchased by the decedent's employer pursuant to an ERISA plan. *Id.* at 87. The plaintiff also sought bad faith damages under Georgia law based on the improper processing of insurance claims. *Id.* at 89. The district court held that ERISA preempted the Georgia bad faith damages claim because these penalties were not part of the state insurance regulatory scheme; on appeal, the Eleventh Circuit affirmed. *Id.*

*Moon* is directly on point here. Plaintiffs seek to recover bad faith damages under Georgia law for an insurer's refusal to pay accidental death benefits under a group insurance policy provided by the insurer to the decedent's employer pursuant to an employee welfare benefit plan. Under *Moon*, this state law claim is preempted. Furthermore, "the various types of relief available to plaintiffs in civil actions brought pursuant to ERISA's civil enforcement scheme do not include extra-contractual or punitive damages." *Amos v. Blue Cross–Blue Shield*, 868 F.2d 430, 431 (11th Cir.1989), *cert. denied*, 493 U.S. 855, 110 S.Ct. 158, 107 L.Ed.2d 116 (1989). Therefore, although Plaintiffs here may proceed with the death benefits claim as an ERISA claim, Plaintiffs may not recover bad faith damages against Defendant under either state law or ERISA in this action. It is worth repeating that, "by eliminating the possibility that insurance companies may be liable for punitive or extra-contractual damages [under ERISA preemption], the courts are removing an historical disincentive to insurance company misbehavior.... However, any change in the law's course will have to be charted by Congress or the Supreme Court." *Id.* at 433.

 2. ERISA preemption also applies to the state-law attorney's fees claim brought under the Georgia code section. ERISA itself does, however, provide for recovery of attorney's fees and costs of action, which may be awarded at the court's discretion. 29 U.S.C. § 1132(g)(1). Since the death benefits claim here may proceed as an action under ERISA, 29 U.S.C. § 1132(a)(1)(B), this court is empowered to exercise such discretion in this action. Therefore, ERISA preemption has here effected a trade-off of sorts.

### C. Motion to Dismiss Edward R. Cockey

Defendant also moved to dismiss Plaintiff Edward R. Cockey as a party to this action. Under ERISA's civil enforcement provision, 29 U.S.C. § 1132, only plan participants, plan beneficiaries, plan fiduciaries, or the Secretary of Labor may bring civil suits to enforce obligations arising under ERISA. *Id.* § 1132(a). Defendant contends that Edward R. Cockey, as executor of decedent's estate, does not fall within these exclusive classes of persons empowered to bring suit. Plaintiffs do not now dispute Defendant's contention. Therefore, Edward R. Cockey should be dismissed as a plaintiff party.

### CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment is DENIED as to the death benefits claim set forth in Paragraph Ten of Plaintiff's original complaint; GRANTED as to the claim for bad faith damages set forth in Paragraph Eleven of

Plaintiff's original complaint; DENIED as to Plaintiff's prayer for attorney's fees; and GRANTED as to dismissal of Edward R. Cockey as a party to this action.

Plaintiff Catherine C. Boulineau shall be allowed to PROCEED with the death benefits claim in Paragraph Ten of the original complaint, as one setting forth a claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), and is directed to RECAST the complaint to simply state the issues in accordance with this Order. Plaintiff Edward R. Cockey is ordered DISMISSED as a party to this action.