**Palma MATTIVE, Plaintiff,**

v.

**HEALTHSOURCE OF SAVANNAH, INC., Defendant.**

**Civ. A. No. CV495–134.**

United States District Court,
S.D. Georgia,
Savannah Division.

June 23, 1995.

*Background*

In June of 1995, Plaintiff Palma Mattive filed a Complaint in the Superior Court of Chatham County, Georgia claiming that she is entitled to a preliminary and permanent injunction enjoining Defendant from denying pre-treatment coverage approval. Plaintiff has been diagnosed as having stage four metastatic breast cancer and seeks to undergo high dose chemotherapy with peripheral stem cell rescue (HDC/PSCR). Defendant Healthsource of Savannah, Inc. removed this case to this Court stating that this Court has federal question jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub.L. No. 93–406, 88 Stat. 832 (1974) (codified as amended at 29 U.S.C. §§ 1001–1461).

This matter came to the Court's attention by way of a Motion to Remand or in the Alternative For Preliminary Injunction filed by Plaintiff on June 16, 1995. The Court held a conference call with the attorneys for both parties on June 20, 1995. During that call, Plaintiff's attorney stated that, due to the advanced nature of Plaintiff's cancer, it is imperative that she begin treatment on June 29, 1995, at the latest. The Court has scheduled a hearing of Plaintiff's motion for a preliminary injunction for Monday, June 26, 1995.

Plaintiff is a former employee of Publix Supermarket, Inc. ("Publix") having ceased employment on February 28, 1995. As of January 1, 1995, Defendant Healthsource was providing health benefits to Plaintiff through a Group Subscriber Agreement. The benefits provided were part of an employee welfare benefit plan provided by Pub-

Robert E. Hoskins, Foster & Foster, Greenville, SC, local counsel Joseph P. Brennan, Brennan & Wasden, Savannah, GA, for plaintiff.

H. Sanders Carter, Jr. and Michael A. Coval, Carter & Ansley, Atlanta, GA, for defendant.

*ORDER*

MOORE, District Judge.

Having received the attached notice by Plaintiff's counsel that Plaintiff wishes to withdraw her Motion to Remand, said Motion is hereby **DISMISSED AS MOOT.**[1] The Court now independently considers whether it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2] For the following reasons, the Court finds that it does have jurisdiction over Plaintiff's claim.

---

1. In her Motion to Remand Plaintiff argued that she was covered under an individual conversion policy that was not governed by ERISA. *See Mimbs v. Commercial Life Ins. Co.*, 818 F.Supp. 1556, 1561–62 (S.D.Ga.1993); *But see Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812, 817 (9th Cir.1992); *Beal v. Jefferson–Pilot Life Ins. C.*, 798 F.Supp. 673 (S.D.Ala.1992); *Nechero v. Provident Life & Accident Insurance Co.*, 795 F.Supp. 374 (D.N.M.1992); *Rasmussen v. Metropolitan Life Insurance Co.*, 675 F.Supp. 1497 (W.D.La.1987).

In a June 23, 1995, conference call with the under-signed Judge's law clerk in which Plain-

tiff's attorney Robert Hoskins and Defendant's attorney Kenton Coppage participated, Plaintiff's attorney conceded that Plaintiff was still covered under a continuation of coverage policy as mandated by COBRA. Implicit was a concession that Plaintiff was not under an individual conversion policy.

2. Defendant concedes that there is not jurisdiction pursuant to 28 U.S.C. § 1332. Defendant states, "Healthsource Savannah, Inc. apparently is a Georgia corporation and diversity jurisdiction would not be available." (Def.['s] Br. in Opp'n Pl.['s] Mot. to Remand, facsimile transmittal page, attached).

lix. Plaintiff was covered by Defendant Healthsource as an active employee of Publix until February 28, 1995. As a former employee of Publix, Plaintiff elected to continue coverage of her health benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), Pub.L. No. 99–272, Title X, Section 10001. This continuation of coverage took effect on March 1, 1995, and is still in effect.

### Analysis

■ ERISA preempts state law causes of action that "relate to" employee benefit plans. *Cockey v. Life Ins. Co.,* 804 F.Supp. 1571, 1574 (S.D.Ga.1992). Under ERISA, the term "employee benefit plan" is defined to include "employee welfare benefit plan[s]." 29 U.S.C. § 1002(3).

The statutory prerequisites for an ERISA plan are that there be (1) a plan, fund, or program, (2) established or maintained, (3) by an employer or by an employee organization, (4) for the purpose of providing certain benefits, such as medical benefits, (5) to participants or beneficiaries. *Id.* § 1002(1); *Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir.1982). Defendant has represented without objection by Plaintiff that the Healthsource Group Subscriber Agreement under which Plaintiff was covered was a "employee welfare benefit plan" within the meaning of ERISA. Defendant states,

> Publix entered into the Group Subscriber Agreement with Healthsource for the purpose of providing health benefits to its employees, including plaintiff. Publix contributed fifty percent of the cost of its employee coverage. Publix also acts as the "Plan Administrator" ...

Based on the unopposed statement of Defendant, the Court finds that Plaintiff's health coverage, while she was an employee of Publix, was an employee benefit plan within the meaning of ERISA.

"A state law cause of action 'relates to' an employee benefit plan if the ... conduct giving rise to such claim was not 'wholly

remote in content' from the benefit plan." *Farlow v. Union Cent. Life Ins. Co.,* 874 F.2d 791, 794 (11th Cir.1989). (citation omitted). Defendant has represented without objection by Plaintiff that Plaintiff's state law causes of action "relate to" the employee benefit plan in that "Plaintiff seeks a determination that benefits are payable under an ERISA plan." (Def.['s] response to questions posed by the Court, ¶ 6, attached). The Court finds that Plaintiff's causes of action "relate to" an employee benefit plan as, by her causes of action, she seeks coverage under the plan. *See generally, Cockey,* 804 F.Supp. at 1575.

■ Resolution of the jurisdictional issue turns on whether Plaintiff's continuation of coverage of the employee welfare benefit plan administered by her former employer is governed by ERISA. Clearly, it is.

Under COBRA, sponsors of ERISA group health plans are required to provide plan beneficiaries the option to elect "continuation coverage" for a limited period following employment termination. 29 U.S.C. §§ 1161(a), 1162(2).[3] Continuation coverage is defined as "coverage under the plan ..." *Id.* § 1162. A claim regarding the allegedly wrongful denial of benefits to a plaintiff covered under such a continuation of coverage is governed by ERISA. *Mimbs v. Commercial Life Ins. Co.* 818 F.Supp. 1556, 1561 (S.D.Ga. 1993); accord *Vaughn v. Owen Steel Company, Inc.* 871 F.Supp. 247, 249 (D.S.C.1994).

Because ERISA governs Plaintiff's dispute regarding coverage under her continuation of coverage policy, this Court finds that its federal question jurisdiction of the above-captioned matter is proper.

SO ORDERED.

---

3. COBRA also requires that ERISA group health plans provide the option of enrolling in a "conversion health plan otherwise generally available under the plan" at the end of the continuation of coverage period. 29 U.S.C. § 1162(5).