Eileen MOON, Individually and as Executrix of the Estate of R. Byron Moon, Plaintiff–Appellee, Cross–Appellant,

v.

AMERICAN HOME ASSURANCE COMPANY, Defendant–Appellant, Cross–Appellee.

No. 88–8566.

United States Court of Appeals, Eleventh Circuit.

Sept. 29, 1989.

Douglas N. Campbell, Laura E. Stevenson, Booth, Wade & Campbell, Atlanta, Ga., for defendant-appellant, cross-appellee.

Joseph Lefkoff, Lefkoff, Duncan, Grimes & Dermer, Atlanta, Ga., for plaintiff-appellee, cross-appellant.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and MELTON *, District Judge.

RONEY, Chief Judge:

Robert Byron Moon was killed in an airplane crash. Eileen Moon, his widow and executrix, brought this action for accidental death benefits under a group travel accident insurance policy issued by American Home Assurance Company. The district court granted summary judgment for plaintiff. The American Home Assurance Company asserts two grounds of error:

* Honorable Howell W. Melton, United States District Judge for the Middle District of Florida,

(1) The trial court failed to apply an ERISA standard of review to American Home's denial of benefits, the policy having been issued pursuant to an employer's plan under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. § 1001 *et seq.*

(2) There were genuine issues of material fact which rendered summary judgment improper.

Since the trial court denied an award of attorney's fees, Moon cross-appeals. We affirm but remand for clarification of the interest portion of the judgment.

Robert Byron Moon was a vice-president of Day Realty of Atlanta when the airplane in which he was traveling crashed on take-off from McCollum Airport in Cobb County, Georgia. The group travel policy had been purchased by Moon's employer, pursuant to an ERISA plan, and provided benefits to officers of the company while on company business.

American Home had denied coverage on two grounds: (1) that Byron Moon was not an officer of Day Realty, and (2) that, in any event, the purpose of the trip on which Moon was embarking at the time of his death was unrelated to Day Realty business.

In an opinion that thoroughly reviewed all of the evidence that was proffered by both parties, the district court entered summary judgment for the plaintiff finding there to be no substantial issue as to the fact that Moon was an officer of the company, traveling on company business, and killed while riding in a certified airplane being flown by a certified pilot. Assuming that the district court properly applied the law, the judgment could be affirmed without much additional comment. The district court opinion properly handles all of the claims that are made on this appeal concerning the existence of any substantial issue as to material facts.

As to whether the district court properly applied the law, the major point argued on

sitting by designation.

this appeal concerns the legal standard under which American Home's denial of the claim should be reviewed by a court. The insurance company argues, as it did to the district court, that the standard of review must be derived from the cases decided under the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001, *et seq.* (ERISA). The district court, because of some procedural problems, refused to apply ERISA to its review of American Home's liability for the insurance benefits, considering the matter instead as it would a state law claim on an insurance policy.

■ We agree with the insurance company that a claim of this kind is properly reviewed under the preemptive provisions of ERISA. The Supreme Court so held in *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), a case involving an ERISA plan which provided disability benefits to employees through a group insurance policy. The Court held that

> the Employee Retirement Income Security Act of 1974 (ERISA) ... pre-empts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan.

*Pilot Life,* 481 U.S. at 43, 107 S.Ct. at 1551.

■ We need not decide now, however, whether the district court erred in declining to apply ERISA because of the late assertion of the point by the defendant. It appears that any error resulting from the failure to apply ERISA was harmless, because the standard of review required by ERISA is the same standard the court used. At the time this case was heard, the parties and the district court were under the impression that ERISA would require a court to review the denial of benefits under the arbitrary and capricious standard of review. *Hoover v. Blue Cross & Blue Shield of Alabama,* 855 F.2d 1538, 1541 (11th Cir.1988). Since then, however, the Supreme Court has held that a de novo standard of review must be applied in a case like this:

> ... we hold that a denial of benefits challenged under [29 U.S.C.A.]

§ 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

*Firestone Tire & Rubber Co. v. Bruch,* —— U.S. ——, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989).

The insurance company is not the administrator of the plan. The administrator is a certain Kathleen M. Jenkins, whose business address is the same as that of Days Inns. No fiduciary was involved in the denial of benefits. More importantly, the plan makes no provision for discretionary authority.

Contrary to the argument of the insurance company that discretionary authority can be implied from the plan, the circuit courts which have found that particular ERISA plans granted discretion to plan administrators or fiduciaries, in cases decided after *Firestone,* have uniformly rested this finding upon *express language* of the ERISA plan before them. Indeed, this court has recently stated that the "discretionary authority" to which *Firestone* refers must be "expressly give[n]" by the plan. *Guy v. Southeastern Iron Workers' Welfare Fund,* 877 F.2d 37, 38–39 (11th Cir.1989) (finding requisite grant of discretionary authority where plan stated "full and exclusive authority to determine all questions of coverage and eligibility" as well as "full power to construe the provisions of [the] Trust" belonged to trustees); *see also Batchelor v. Int'l Broth. of Elec. Workers Local 861 Pension & Retirement Fund,* 877 F.2d 441, 443 (5th Cir.1989) (grant of discretion found when plan stated "full and exclusive authority to determine all questions of coverage and eligibility ... [and] full power to construe the provisions" of the plan belonged to trustees); *Boyd v. Trustees of United Mine Workers Health & Retirement Funds,* 873 F.2d 57, 59 (4th Cir.1989) (discretion found where plan expressly gave trustees power of "full and final determination as to all issues concerning eligibility for benefits" and "authorized [them] to promulgate rules and regulations

to implement th[e] Plan"); *Lowry v. Bankers Life & Cas. Retirement Plan*, 871 F.2d 522, 524 (5th Cir.1989) (plan's language that committee had authority to "interpret and construe" plan and "to determine all questions of eligibility and status under the Plan" constituted grant of discretionary authority); *Bali v. Blue Cross & Blue Shield Association*, 873 F.2d 1043, 1047 (7th Cir. 1989). *But see Lakey v. Remington Arms Co.*, 874 F.2d 541 (8th Cir.1989).

It is difficult to understand why any plan would give discretionary authority to an insurance company from whom had been purchased a fixed-premium policy of this type. The insurance policy in question was originally issued in 1973, before ERISA was enacted in 1974. There is nothing in this record to reflect any premium adjustment because of some new standard of review which would favor the decision of the insurance company to deny benefits. The basis for the deferential standard of review in the first place was the trust nature of most ERISA plans. *See Firestone*, 109 S.Ct. at 954; Comment, *The Arbitrary and Capricious Standard Under ERISA: Its Origins and Application*, 23 Duquesne L.Rev. 1033 (1985). The insurance company here could hardly be regarded as a trustee for an insured.

In *Burnham v. Guardian Life Ins. Co. of America*, 873 F.2d 486, 489 (1st Cir. 1989), the First Circuit found *Firestone*'s de novo standard applicable to an action for death benefits under an ERISA-regulated insurance policy, the same kind of suit as we have here. In applying the de novo standard, the First Circuit held that "straightforward language in an ERISA-regulated insurance policy should be given its natural meaning." *Id.* The court undertook a "literal construction of the policy" and applied it to the facts. *Burnham*, 873 F.2d at 490. Similarly, in *Brown v. Ampco–Pittsburgh Corp.*, 876 F.2d 546, 550 (6th Cir.1989), *quoting Firestone*, 109 S.Ct. at 956, the Sixth Circuit held: "In conducting a de novo review, the court is bound by the provisions of the documents establishing an employee benefit plan 'without deferring to either party's interpretation.' "

Careful examination of the trial court's actions reveals that the de novo standard was exactly the one that the trial court applied. The court interpreted the language of the policy and applied it to the facts pertinent to whether Moon was covered.

American Home's contention that a court conducting a de novo review must examine only such facts as were available to the plan administrator at the time of the benefits denial is contrary to the concept of a de novo review. During oral argument, American Home's counsel conceded that absent ERISA, there would be no deferential standard of review of the denial of coverage. Thus, what the Supreme Court said of a similar contention advanced in *Firestone* is equally applicable to this contention: "Adopting [this] reading of ERISA would require us to impose a standard of review that would afford less protection to employees and their beneficiaries than [they enjoyed] before ERISA was enacted." *Firestone*, 109 S.Ct. at 956.

■ Subsequent to its decision on liability, the district court did apply ERISA preemption to Moon's prayer for bad faith damages under Georgia law based on the improper processing of insurance claims. The court properly held that because these penalties are not part of the state insurance regulatory scheme, ERISA preempts this claim, so that the plaintiff was not entitled to bad faith damages.

Because the district court was free from "clear abuse of discretion" when applying this Circuit's five-part test for the award of attorney's fees in ERISA cases, we reject Moon's cross-appeal. *Dixon v. Seafarers' Welfare Plan*, 878 F.2d 1411, 1412 (11th Cir.1989).

■ On this appeal, Moon also raises an issue concerning the interest portion of the judgment. Although the judgment expressly provides for the award of interest, neither the district court's order directing entry of judgment nor the judgment itself specifies (1) whether prejudgment interest was intended, or (2) the rate at which interest is to be calculated. Since the award of

prejudgment interest under ERISA is a matter committed to the sound discretion of the trial court, we must remand for clarification of this matter. *Whitfield v. Lindemann*, 853 F.2d 1298, 1306 (5th Cir. 1988), *cert. denied sub nom., Klepak v. Dole,* —— U.S. ——, 109 S.Ct. 2428, 104 L.Ed.2d 986 (1989); *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1218–19 (8th Cir.), *cert. denied*, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981).

AFFIRMED and REMANDED.