78

Ruth MILLER, Plaintiff,

v.

WANG LABORATORIES, INC. &
Metropolitan Life Insurance
Company, Defendants.

Civil Action No. 96–10831–MLW.

United States District Court,
D. Massachusetts.

March 24, 1998.

John A. James, Jr., Andover, MA, for Ruth Miller.

James W. Nagle, Joseph A. Piacquad, Allison V. Buck, Goodwin, Procter & Hoar, Boston, MA, for Wang Laboratories, Inc.

James J. Ciapciak, James M. Campbell, Campbell, Campbell & Edwards Boston, MA, for Metropolitan Life Ins. Co.

**MEMORANDUM AND RULING ON STANDARD OF REVIEW TO BE APPLIED TO DISCONTINUANCE OF PLAINTIFF'S BENEFITS UNDER DEFENDANTS' ERISA PLAN**

COLLINGS, United States Magistrate Judge.

### I. Introduction

Plaintiff Ruth Miller ("Miller") filed this action pursuant to the Employee Retirement Income and Security Act, 29 U.S.C. §§ 1001 et. seq. ("ERISA"), to challenge the termination of her long-term disability benefits. The parties have agreed that their dispute can be decided by the Court on a stipulated record. The parties disagree, however, on what standard of review the Court should use in reviewing the record. In this memorandum, the Court considers Miller's request that the Court employ a *de novo* standard in reviewing the decision by defendants to terminate her long-term disability benefits.

### II. Facts and Procedural History

Miller was employed by defendant Wang Laboratories, Inc. ("Wang") until she became totally disabled by back pain in the Spring of 1986. At the time, Miller was covered by an employer-sponsored long-term disability insurance policy issued by defendant Metropolitan Life Insurance Company ("Met Life"), and she began receiving monthly benefits under that Plan. A Summary Plan Description provided by Met Life and in effect at the time Miller began receiving benefits ("the '83 Plan") stated as follows with regard to payment of benefits under the Plan:

> When we receive proof of a claim, the Monthly Benefit will be paid to you.... All proof must be satisfactory to us.

# 26, Exh. 2 at p. 14.

With regard to the procedure for filing a claim for long-term disability benefits, the Summary Plan Description stated:

Proof [of a claim] must describe the event, the nature and the extent of the cause for which a claim is made; it must be satisfactory to us.

\# 26, Exh. 2 at p. 16.

The Employee Handbook in effect at the time Miller began receiving benefits stated as follows:

The company has the exclusive right to interpret and administer the provisions of each plan, and its decisions are conclusive and binding.

\# 18, Exh. 2 at p. 41.

In July 1994, Met Life informed Miller that her disability benefits would be discontinued because it no longer considered her to be disabled. Miller asked Met Life to reconsider that decision, and after review, it affirmed its initial decision. Pursuant to the Plan's appeal process, Miller then asked the Plan Administrator to review Met Life's decision. In January 1996, the Plan Administrator affirmed the decision to terminate her benefits. She filed this timely ERISA action, claiming defendants improperly denied her benefits to which she was entitled. *See* 29 U.S.C. § 1132(a)(1)(B) (authorizing cause of action by beneficiary to recover benefits due under the terms of the plan).

At some point between the time Met Life first informed Miller it was terminating her benefits and the time the Plan Administrator affirmed that decision, Wang amended its Long–Term Disability plan. The new Summary Plan Description ("the '95 Plan") stated:

The Plan Administrator has the exclusive right to interpret and administer the provisions of the plans in its sole discretion, including all questions relating to eligibility and entitlement to benefits, and its decision regarding any issue or appeal is conclusive and binding on all parties.

\# 26, Exh. 1 at p. 129.

Miller argues that the '83 Plan, not the '95 Plan, applies to her ERISA claim, and that the '83 Plan does not grant discretion to the defendants to administer the Plan or to determine conclusively benefit eligibility. Thus, she asserts that the Court should review the denial of her benefits *de novo*. The Court need not decide which Plan should apply, because even if the '83 Plan applies, as plaintiff urges, the Court may not employ a *de novo* standard, for the reasons which follow.

### III. Analysis

In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court announced the standard of review district courts should use in considering whether an ERISA plaintiff is entitled to relief under 29 U.S.C. § 1132(a)(1)(B) for denial of benefits. The Court held that a *de novo* standard of review should be used "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone,* 489 U.S. at 115; *see also Diaz v. Seafarers Int'l Union,* 13 F.3d 454, 456 (1 Cir., 1994). Where the administrator or fiduciary is given the requisite discretion under the terms of the plan, the district court may only inquire as to whether the decision denying benefits was "arbitrary and capricious." *Firestone,* 489 U.S. at 109–11.

█ Miller seems to concede that the '95 Plan grants discretion to the Plan Administrator, so if that Plan were to apply, the Court would be bound to review the Plan Administrator's decision under an "arbitrary and capricious" standard. But Miller contends that the '83 Plan applies instead, and that that Plan does not confer the necessary discretion upon the Administrator or upon the fiduciary.

█ In order for the "arbitrary and capricious" standard to apply, it must be determined whether the requisite discretionary authority is expressly conferred by the plan. *See, e.g., Moon v. American Home Assur. Co.,* 888 F.2d 86, 88–89 (11 Cir., 1989); *Batchelor v. International Bhd. of Elec. Workers Local 861 Pension & Retirement Fund,* 877 F.2d 441, 443 (5 Cir., 1989); *Boyd v. Trustees of United Mine Workers Health & Retirement Funds,* 873 F.2d 57, 59 (4 Cir., 1989); *Bali v. Blue Cross & Blue Shield Ass'n,* 873 F.2d 1043, 1047 (7 Cir., 1989). However, the plan need not use any particu-

lar language in conferring discretion. *Block v. Pitney Bowes, Inc.*, 952 F.2d 1450, 1453 (D.C.Cir.1992). Instead, any language which reasonably shows an intent to confer such power and discretion upon the Plan Administrator or on the fiduciary will be sufficient. *Id.*

In *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375 (7 Cir., 1994), the Summary Plan Description language at issue was identical to the Summary Plan Description language presented here;[1] the language stated: "All proof [of claims] must be satisfactory to us." The plan at issue also required that the proof of claim "describe the event, the nature and the extent of the cause for which a claim is made; it must be satisfactory to us." *Id.* at 377. The court found that that language conferred the necessary discretion, so the court reviewed the denial of benefits under an "arbitrary and capricious" standard. Likewise, this Court finds that the identical language in the '83 Plan allows Met Life (as Plan fiduciary) to determine in its sole discretion whether an employee qualifies for long-term disability benefits. *See Firestone*, 489 U.S. at 115 ("[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the ... fiduciary discretionary authority to determine eligibility for benefits....")

Furthermore, the '83 Plan confers upon the Plan Administrator the sole discretion to construe the terms of the plan. *See Firestone*, 489 U.S. at 115 ("[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator ... discretionary authority ... to construe the terms of the plan."). The Employee Handbook explaining the '83 Plan states: "The company has the exclusive right to interpret and administer the provisions of each plan, and its decisions are conclusive and binding." Similar language has been deemed by a number of courts to confer the requisite discretion. *See, e.g., Borda v. Hardy, Lewis, Pollard & Page*, 138 F.3d 1062 (6 Cir., 1998) ("The Administrator shall have the power to make determinations with respect to all questions arising in connection with the administration, interpretation, and application of the Plan. Any such determination by the Administrator shall be conclusive and binding upon all persons."); *Winchester v. Prudential Life Ins. Co.*, 975 F.2d 1479, 1483 (10 Cir., 1992) ("[T]he insurance company has the exclusive right to interpret the provisions of the Plan, [and] its decision is conclusive and binding."); *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1284 (9 Cir., 1990) ("The LTD Administration Committee shall have the exclusive right ... to interpret the Plan.... [A]ll interpretations and decisions of the LTD Administration committee or the [ITT] Board of Directors with respect to any matter hereunder shall be final, conclusive and binding on all parties affected thereby."); *Jett v. Blue Cross & Blue Shield of Alabama, Inc.*, 890 F.2d 1137, 1139 (11 Cir., 1989) ("Blue Cross and Blue Shield of Alabama has the exclusive right to interpret the provisions of th[is] Plan, so its decision is conclusive and binding.").[2]

1. Apparently Met Life provided similar plan language to Wang for its use in the '83 Plan and to the employer in *Donato*.

2. In *Ramsey v. Hercules Inc.*, 77 F.3d 199 (7 Cir., 1996), the Plan in question included the following language in a section describing the appeal process employees could use in challenging a denial of benefits: "Any action or determination by the named Fiduciary in this review procedure shall be final, conclusive, and binding on Hercules, on Plan participants, and on beneficiaries." The court found the language did *not* confer the discretionary authority necessary for "arbitrary and capricious" review, but instead only established when the internal review process would terminate. It seemed important to the court that the quoted language did not mention the administrator's discretion to *interpret* the plan. *See Id.* at 205 ("The [language] addresses finality of decisions, which is quite distinct from the issue whether the Plan confers a zone of discretion on the administrator with respect to the content and standards for decision making."). In contrast, the Wang Employee Handbook also expressly states that the company "has the exclusive right to *interpret* and *administer* the provisions of each plan, and its decisions are conclusive and binding." #18, Exh. 2 at p. 41 (emphasis added). Furthermore, the *Ramsey* court relied heavily on the fact that the Plan established an objective standard for determining whether an employee was eligible for benefits. *Ramsey*, 77 F.3d at 205. It distinguished cases in which discretion to decide eligibility was given to the fiduciary, and it expressly cited its own decision in *Donato*

It is clear that the '83 Plan conferred discretion upon Met Life to determine benefit eligibility and also conferred upon the Plan Administrator the discretion to administer the Plan. Thus, under the rule in *Firestone*, this Court will be required to review the denial of benefits under an "arbitrary and capricious" standard.

### IV. Conclusion

For these reasons, the Court rules that plaintiff's ERISA claim must be reviewed under an "arbitrary and capricious" standard. Plaintiff was provided the first opportunity to submit a brief in support of her claim, and she has done so. Defendants shall have until *on or before the close of business on Friday, April 24, 1998* to file responses to plaintiff's brief; briefs shall not exceed twenty (20) pages. Defendants shall also state in their briefs whether they will stipulate to the one remaining factual dispute here: whether the physician conducting the IME would not accept medical records from the plaintiff. Any requests for oral argument should be included within the defendants' briefs. Plaintiff will then have until *on or before the close of business on Monday, May 4, 1998* to file a reply, not to exceed five (5) pages.

---

as an example of a case in which discretion was conferred. *See* discussion of *Donato, supra.*

Thus, the *Ramsey* case provides further support for the Court's conclusion today.