[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 8, 2006
THOMAS  K. KAHN
CLERK

_____

No. 04-16717

_____

D. C. Docket No. 03-21665-CV-MGC

GEORGE REEVE,

Plaintiff-Appellant,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 8, 2006)**

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT[*],
District Judge.

PER CURIAM:

_____

[*] Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of
Georgia, sitting by designation.

George Reeve ("Reeve") appeals the grant of summary judgment to Unum Life Insurance Company of America ("Unum") on his claim for disability benefits under a group long term policy (the "LTD Policy"), and two group life insurance policies (the "Life Policies") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Unum denied Reeve's claim for benefits on the grounds that he was not disabled under the terms of the policy, and he filed suit to challenge this decision. The district court determined that the decision of the administrator must be affirmed and summary judgment was granted.

On appeal, Reeve argues that the district court erred in not reviewing documents beyond those that were available to the plan administrator and that a review of such materials establishes genuine issues of material fact regarding whether Reeve was "disabled" which preclude summary judgment. We affirm.

BACKGROUND

Reeve's claim for disability stems from a heart attack he suffered in 1993 which required numerous subsequent hospitalizations. Reeve claims that he has been totally "disabled" by his heart condition under the terms of both the LTD Policy[1] and the Life Policies[2] since August 15, 2001. In January 2003 Reeve

_____

[1] Unum's LTD Policy defines "disability" as when Unum determines that:

submitted a claim for benefits under all these policies, indicating that he was a

construction supervisor whose responsibilities included supervising approximately

500 employees and inspecting construction projects, which required him to travel

to construction sites and occasionally climb stairs and help workers lift heavy

---

you are limited from performing the material and substantial duties of your
regular occupation due to your sickness or injury; and you have 20% or more loss
in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when UNUM determines that due
to the same sickness or injury, you are unable to perform the duties of any gainful
occupation for which you are reasonably fitted by education, training or
experience.

"Material and substantial duties" mean duties that:
are normally required for performance of your regular occupation; and cannot
reasonably be omitted or modified, except that if you are required to work on
average in excess of 40 hours per week, UNUM will consider you able to perform
that requirement if you are working or have the capacity to work 40 hours per
week.

"Regular occupation" means
the occupation that you are routinely performing when your disability begins.
UNUM will look at your occupation as it is normally performed in the national
economy, instead of how the work tasks are performed for a specific employer or
at a specific location."

Unum LTD Policy Ex. A.

[2] Under the Life Policies, "disability" is defined as:
You are disabled when UNUM determines that:
–during the elimination period, you are not working in any occupation due to your
injury or sickness; and
–after the elimination period, due to the same injury or sickness, you are unable to
perform the duties of any gainful occupation for which you are reasonably fitted
by training, education, or experience

Unum Life Policy Ex. B.

objects. Daniel Electrical Contractors, Inc. ("Daniel"), Reeve's employer, notified Unum that Reeve's job functions required continuous standing and walking, and that Reeve was unable to perform these functions due to his disability.[3]

Reeve's cardiologist, Reza Azar, submitted an Attending Physician's Statement ("APS") stating that Reeve had a condition known as ischemic cardiomyophy, and recommended that Reeve not engage in any heavy exertion including running, climbing, lifting, or stressful situations. Dr. Azar also recommended that Reeve retire since his job responsibilities would be detrimental to his health. Reeve also submitted to Unum a decision of the Social Security Administration, which eventually granted Reeve's claim for disability income benefits, after this claim had originally been denied.

Unum denied Reeve's claim on the basis of the medical opinions of Unum's Medical Director, George DiDonna, who is board-certified in internal medicine, and Unum's independent cardiologist, David Korn. Didonna inspected Reeve's file and noted that Reeve had returned to work following his 1993 heart attack and had not had any recurrent myocardial infarction. Based on Reeve's complete

---

[3] Daniel's "position profile" summarized Reeve's position as follows:
> Directs, administers, coordinates and controls the activities of the organization necessary for the installation of materials and equipment on jobs. This includes primary responsibility for CAD, pre-fab, materials management and delivery, and on-site operations. Responsible for directing activities in support of the corporate strategy, plans and policies, and goals and objectives as established by the President. Responsible for all aspects of assigned operating units.

medical file, Dr. DiDonna concluded that Reeve had the exercise capacity of a "healthy, middle-aged, deconditioned man." David Korn reviewed Reeve's medical record and found no evidence of cardiac impairment preventing Reeve from returning to work in his regular occupation.

Additionally, Unum performed a labor market survey to determine whether Reeve's fieldwork constituted a "material and substantial duty" of Reeve's occupation under the terms of the LTD Policy. Unum's "vocational rehabilitation consultant" classified Reeve's position as Vice President, Operations (Electrical Contractor) and reviewed the occupational duties of similar officers from twelve employers from various locations in the United States. The survey revealed that some level of field work and travel was required, and that the average time spent in the field was 25.4%. All but one employer indicated the presence of stress in this position. Further, the consultant noted that lifting significant amounts was not a material and significant duty of Reeve's occupation. Pursuant to the findings of this survey, Unum's consultant classified Reeve's occupation as "light work."

Following this review of his claim, Unum denied Reeve's claim for benefits under all the policies, explaining that it had determined Reeve was not limited from performing the material and substantial duties of his regular occupation, or the duties of any gainful occupation for which he was reasonably fitted by education,

5

training, or experience. Reeve appealed the denial of his claims, and as part of this appeal Reeve's file was examined by Dr. Alfred Parisi, Unum's medical consultant board-certified in internal medicine with a subspeciality in cardiovascular diseases. Dr. Parisi concluded that there had been "no cardiac event or occurrence in 2001" that was different from anything that had happened in the years since Reeve's heart attack, and that based on Reeve's treadmill performance he was able to perform light work in a 40 hour work week. Pursuant to Dr. Parisi's report, Unum reaffirmed its decision to deny benefits to Reeve under the policies.

Reeve filed suit in federal district court for payment of past disability benefits, attorneys fees, and costs under ERISA[4] which resulted in the Summary Judgement presently under review.

STANDARD OF REVIEW

We review <u>de novo</u> a district court's grant of summary judgment, viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party. <u>Hulsey v. Pride Rests., LLC</u>, 367 F.3d 1238, 1243 (11th Cir. 2004). We will

---

[4] Reeve originally filed suit against Unum in the Circuit Court for Miami-Dade County, Florida, on five state law claims. These claims were for (1) breach of the LTD Policy; (2) breach of the covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) punitive damages. Unum removed the action to the United States District Court for the Southern District of Florida as the policies were part of an employee welfare benefit plan governed by ERISA, and therefore subject to federal jurisdiction. The district court dismissed the state law claims and gave Reeve leave to amend its complaint to state a claim under ERISA.

affirm the grant of summary judgment only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As the district court correctly noted, HCA Health Servs. of Ga., Inc. v. Employer's Health Insurance, 240 F.3d 982, 992-93 (11th Cir. 2001) sets out the relevant standard for reviewing denial of benefits by claims administrators. See also Williams v. Bellsouth Telecomms., Inc., 373 F.3d 1132, 1137 (11th Cir. 2004) ("recapitulating" the approach in HCA). In reviewing a denial of benefits, the court first looks "to the plan documents to determine whether the plan documents grant the claims administrator discretion to interpret disputed terms. If the court finds that the documents grant the claim administrator discretion, then at a minimum, the court applies arbitrary and capricious review," whereas if it finds no discretion, it will apply de novo review. HCA, 240 F.3d at 993.

## DISCUSSION

Reeve's only argument on appeal is that the district court "failed to conduct a de novo review of the record" on the issue of whether Unum's decision was "correct," and that, had it done so, there would be a genuine issue of material fact as to whether Reeve was "disabled" under the policies since various materials Reeve filed with the district court allegedly presented such issues of fact. In support of this argument, Reeve cites to Moon v. American Home Assurance Co., 888 F.2d 86,

89 (11th Cir. 1989), which states that to examine "only such facts as were available to the plan administrator at the time of the benefits denial is contrary to the concept of a de novo review." Id. at 89. Moon, however, is inapposite, and Reeve's argument fails to account for the arbitrary and capricious standard of review.

In this case, it is undisputed that the policies granted Unum discretion to determine eligibility, therefore eliminating the possibility of a straightforward de novo review. Moon, which Reeve cites in support of his argument, deals with a plan that "makes no provision for discretionary authority," 888 F.2d at 88, and therefore addresses the de novo standard of review, not the arbitrary and capricious standard which applies here. In the first step, a reviewing court reviews only "the plan documents and disputed terms de novo." HCA, 240 F.3d at 993 n.23. This is precisely what the district court did in this case, and we agree that Unum's denial of benefits was "correct" under this standard.

The burden of proving disability belongs to Reeve, see Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038, 1040 (11th Cir. 2001), and Reeve failed to demonstrate that the plan administrator's determination that he failed to meet the definition of disability was arbitrary and capricious. Unum's LTD Policy defines "regular occupation" as a national standard, and Unum therefore conducted a labor market study to determine what the duties of a Vice President of Operations in

Reeve's position entailed, and concluded that his work was "light duty." Further, Unum's review of Reeve's medical condition established that his condition did not prevent him from conducting either his "regular occupation" under the LTD Policy or "gainful occupation" under the Life Policies. Reeve fails to point out anything in the plan documents or in the documents submitted to Unum that would lead to a different conclusion.

**AFFIRMED.**