**Lucyann SANZONE, Plaintiff**

**v.**

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**
Defendant.

No. 06–61135–CIV.

United States District Court,
S.D. Florida.

Aug. 6, 2007.

Order Granting Reconsideration
Oct. 16, 2007.

Robert Mitchell Einhorn, Roberto Zarco, Zarco Einhorn Salkowski & Brito, P.A., Steven Marshall Singer, Steven M. Singer PA, Mark David Feinstein, Feinstein & Sorota, Michelle M. Odio, Miami, FL, for Plaintiff.

William Joseph Gallwey, III, Jerel Dawson, Shutts & Bowen, Miami, FL, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD, AND DENYING DEFENDANT'S MOTION TO FILE DEPOSITION TRANSCRIPT

ALAN S. GOLD, District Judge.

THIS CAUSE came on before the Court on Plaintiff's Motion to Supplement the Record [DE 27], and Defendant's Motion to File Deposition Transcript [DE 39]. Having reviewed the motions and responses, and having considered the relevant case law, I grant Plaintiff's Motion to Supplement the Record, and Deny Defendant's Motion to File Deposition Transcript.

## I. Factual Background

Lucyann Sanzone ("Sanzone") suffered an injury to her cervical spine when a wrought iron stand crashed onto her head and neck while she was shopping. After the accident, Sanzone received treatment for her injuries from Dr. Jarolem, an orthopedic surgeon specializing in spinal cord injuries. After nearly one year of treatment, Dr. Jarolem determined that she was at maximum medical improvement, and that she suffered a permanent partial disability of 6%. Dr. Jarolem further determined that Sanzone would require ongoing treatment and possible future surgery.

Sanzone then filed for disability benefits from her insurer, Hartford Life and Accident Insurance Company ("Hartford"). Hartford denied Sanzone's application for disability benefits. Sanzone appealed the denial, which was upheld.

Sanzone brought an action in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, on June 28, 2006. In her Complaint, Plaintiff alleged a breach of contract by the Defendant, based on its termination of a disability policy, and its failure to pay benefits due under that policy to the Plaintiff. The Defendant removed the case to the Southern District of Florida on the basis of federal question jurisdiction, claiming that the policy in question is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA").

Plaintiff moved to remand the case, which I denied. Plaintiff now seeks to supplement the record in this case. As part of its opposition to Plaintiffs motion, Defendant seeks to file a deposition transcript with the Court.

## II. Legal Standard

■ The standard of review as to whether to permit a party to supplement the record in an ERISA case is dependent upon the overall standard of review for the denial of benefits. As the Eleventh Circuit has explained,

ERISA does not explicitly establish the standard of review to be applied to a plan administrator's decision. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109, 109 S.Ct. 948, 953, 103 L.Ed.2d 80 (1989). Following the Supreme Court's direction, however, we have adopted three different standards to guide us: (1) de novo review applies where the plan administrator has been given no discretion in deciding claims; (2) arbitrary and capricious review applies where the plan administrator has discretion in deciding claims and does not suffer from a conflict of interest; and (3) heightened arbitrary and capricious review applies where the plan administrator has discretion but suffers from a conflict of interest.

*Gilley v. Monsanto Co.,* 490 F.3d 848, 856–57 (11th Cir.2007). In this case, there is no dispute that the plan administrator has discretion in deciding claims, and the Plaintiff has not alleged any conflict of interest on the part of the administrator. Therefore, the appropriate standard of review is arbitrary and capricious.

■ As a general rule, when reviewing an administrator's decision under the arbitrary and capricious standard, review is limited to the record before the administrator at the time the decision was made. *Johnson v. UMWA Health & Retirement Funds,* 125 Fed.Appx. 400 (3d Cir. 2005)("the record for arbitrary and capricious review of ERISA benefits denial is the record made before the plan administrator which cannot be supplemented during litigation"); *Kosiba v. Merck & Co.,*

384 F.3d 58, 67 (3d Cir.2004)("in general, the record for arbitrary-and-capricious review of ERISA benefits denial is the record made before the plan administrator, and cannot be supplemented during litigation"); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1071 (2d Cir.1995)("a district court's review under the arbitrary and capricious standard is limited to the administrative record").

The Eleventh Circuit has not opined upon the circumstances under which supplementation of the record would be permissible under the arbitrary and capricious standard of review; it has, however, been among the more liberal courts in permitting supplementation of the record upon *de novo review.*[1] In *Moon v. Am. Home Assurance Co.,* 888 F.2d 86, 89 (11th Cir. 1989), the court reasoned that, prior to ERISA, parties would have been able to submit additional evidence to the court for review in a denial of benefits claim. As a result, restricting parties to the administrative record would "afford less protection to employees and their beneficiaries than they enjoyed before ERISA was enacted," a conclusion that, according to the court, would run counter to the Supreme Court's holding in Firestone, which was based in part on preserving pre-ERISA levels of protection for employees. *Id.*

Other Circuits have held that while judicial review is generally restricted to the record before the administrator, exceptions may exist in which supplementation is appropriate. In *Vescera v. Unum Provident Corp.,* 2006 WL 2992927, 2006 U.S. Dist LEXIS 76147 (D.Vt.2006), the court declined to permit the plaintiff to supplement the administrative record. The court noted, however, that circumstances could exist to warrant a contrary decision: "While there certainly exist circumstances in which supplementing the record may be proper, the Court finds Vescera has failed to demonstrate the existence of additional factors that would constitute 'good cause' in this case." Likewise in *Liston v. Unum Corp. Officer Severance Plan,* 330 F.3d 19 (1st Cir.2003), the court stated that when reviewing a denial of severance benefits, "at least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator."

I must therefore determine whether good cause exists to permit Sanzone to supplement the record in this case.

## III. Analysis A.

### Plaintiff's Motion to Supplement the Record

In this case, Sanzone seeks to supplement the record with an affidavit from her treating physician; this affidavit was not before the administrator when the decision was made denying Sanzone disability benefits. Normally, this would be precisely the type of document which would not be permitted into the record for judicial review. The circumstances of this case, however, are unusual.

When Sanzone applied for disability benefits, her claim was initially denied. Following the denial, Sanzone, through counsel, requested the complete file relating to her treatment and care from her treating physician, Dr. Jarolem. Dr. Jaro-

---

**1.** *See, Hall v. Unum Life Ins. Co.,* 300 F.3d 1197, 1201–1202 (10th Cir.2002). In Hall, the Tenth Circuit reviewed various Circuit's standards in permitting a party to supplement the record, and noted that while "the Eleventh Circuit, which has held that when conducting a de novo review, any party may be free to submit additional evidence outside the administrative record ... Most circuits have adopted rules somewhere in between these extremes, allowing the admission of additional evidence in de novo cases in limited circumstances."

lem's notes and recommendations all concurred that Sanzone was permanently disabled.

Upon the initiation of this lawsuit, Sanzone received through discovery from Hartford a letter signed by Dr. Jarolem. This letter was written by Hartford, and sent to Dr. Jarolem for his signature. The letter details the results of surveillance on Sanzone, in which she was seen walking, driving, carrying items, etc. It also includes information gleaned from interviews with Sanzone, and a neurologist's report. At the end of the letter is a paragraph which states:

> Based on the findings of our investigation, the documented inconsistencies between this claimant's reported limitations and observed activities, and the medical documentation provided in our file, it is our belief that Ms. Sanzone is not precluded from performing full-time, unrestricted SEDENTARY work (as defined by the Dictionary of Occupational Titles, see attached definitions). If you agree with the above abilities, please sign the following statement.

Below that paragraph was a signature and date line, which was signed and dated by Dr. Jarolem.

Based on the inconsistency between Dr. Jarolem's agreement with Hartford as to Sanzone's ability to work, and his opinion thirty days earlier that Sanzone was disabled, counsel for Sanzone contacted Dr. Jarolem to find an explanation for the discrepancy. As noted in Dr. Jarolem's affidavit, Dr. Jarolem disagrees with the findings of the Hartford letter, In his affidavit, Dr. Jarolem states;

> Attached hereto is a copy of the letter from the Hartford dated October 13, 2005. This fetter is not in the patient's file nor do I have an independent recollection of signing same. If this letter was in fact signed by me, it was done in error and does not reflect the opinions I have with regard to this patient, Lucyanne Sanzone's disability. Furthermore, I specifically disagree with the statement that Ms. Sanzone is not precluded from performing full-time unrestricted sedentary work. To the contrary, Ms. Sanzone is precluded from performing full-time unrestricted sedentary work as a result of her medical condition and my findings.

The letter from Hartford, signed by Dr. Jarolem, was part of the administrative record which the administrator relied upon in denying Sanzone's disability benefits. Because Dr. Jarolem was Sanzone's treating physician, his agreement that Sanzone was not disabled could have weighed heavily in the administrator's decision to deny benefits. However, because Dr. Jarolem signed that letter inadvertently, and disavows agreement with its findings, the administrator's decision in this case may have been based upon erroneous information.

Hartford cites numerous cases in which courts have rejected plaintiffs' attempts to supplement the administrative record with affidavits from doctor that refute the opinions that were before the administrator: *Richards v. Hartford Life & Accident Ins. Co.*, 153 Fed.Appx. 694, 697 (11th Cir. 2005); *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir.2005); *Lopes v. Met. Life Ins. Co.*, 332 F.3d 1, 5 (1st Cir.2003). However, none of these cases involve the affidavit of a physician which refutes his own, earlier, and acknowledged mistaken, opinion.

I consider the very real possibility that the administrator's decision was based upon a mistaken opinion as good cause to permit Sanzone to supplement the record with Dr. Jarolem's affidavit in this case.

## B. Defendant's Motion to File Deposition Transcript

Along with its opposition to Sanzone's Motion to Supplement the Record, Hartford has filed a Motion for Leave to File Deposition Transcript and Supplemental Memorandum in Opposition. Hartford seeks to file the deposition transcript and supplemental memorandum to counter what it claims are Sanzone's innuendos that Dr. Jarolem never signed the letter in question, described above, and that Hartford has somehow perpetrated a fraud in this regard.

I do not view Sanzone's Motion to Supplement the record as containing any such innuendo. It appears far more likely that Dr. Jarolem inadvertently signed the letter without realizing what it was. Such a scenario is entirely likely in the contemporary medical world, where doctors are overwhelmed with paperwork. Therefore the deposition transcript which would dispel any potential innuendo concerning Hartford is unnecessary.[2]

## IV. Conclusion

In light of the foregoing, I find that good cause has been shown to supplement the record with the affidavit of Dr. Jarolem. I further find that there is no need to review the deposition transcript proffered by Hartford.

Accordingly, it is **ORDERED and ADJUDGED** that:
1. Plaintiff's Motion to Supplement the Record **[DE 27]** is GRANTED.[3]
2. Defendant's Motion for Leave to File Deposition Transcript **[DE 39] is DENIED.**

**DONE AND ORDERED,**

---

**2.** Notably, Hartford expressly states that it does not wish to supplement the record with the deposition transcript; it seeks to file the transcript for the sole purpose of opposing Sanzone's Motion to Supplement the record and dispel any innuendo created therein.

## *ORDER GRANTING MOTIONS FOR RECONSIDERATION*

THIS CAUSE comes before the Court on Defendant's Motion for Reconsideration [DE 54] and Plaintiff's Motion for Partial Reconsideration, or in the alternative, to Amend the Complaint [DE 55]. These motions were filed on August 15, 2007 and August 16, 2007, respectively, in response to my Order [DE 49] issued August 6, 2007 which granted Plaintiffs motion to supplement the record. Having reviewed the motions and responses, and having considered the relevant case law, I grant both Plaintiff's Motion for Partial Reconsideration and Defendant's Motion for Reconsideration.

As I have previously held, a motion for reconsideration may be granted based on three major grounds:

(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made. Instead, a motion for reconsideration is appropriate where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues

---

**3.** Accordingly, the alternative motion to strike, docketed as entry number 28, is denied as moot.

presented to the Court by the parties, or has made an error not of reasoning, but of apprehension .... Such problems rarely arise and the motion to reconsider should be equally rare.

*Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D.Fla. 2002) (Gold, J.) (internal quotations and citations omitted).

## I. *The proper standard of review is a heightened arbitrary and capricious standard.*

■ In my Order dated August 6, 2007, I found that "there is no dispute that the plan administrator has discretion in deciding claims, and the Plaintiff has not alleged any conflict of interest on the part of the administrator. Therefore, the appropriate standard of review is arbitrary and capricious." (Order, 3.) Plaintiff asks me to reconsider the standard of review and argues in favor of a heightened arbitrary and capricious standard of review.[1] Although the Complaint contains no allegation of conflict of interest on the part of the administrator, Plaintiff argues that the Defendant's conflict of interest is evident from the face of the policy. This policy was attached to the Complaint, and Plaintiff asks me to either reconsider my ruling on standard of review or allow an amendment to the Complaint.

In Defendant's Response, it agrees that the heightened arbitrary and capricious standard applies because Defendant concedes that it has both (1) discretionary authority to decide claims, and (2) a conflict of interest, as defined by the law of this Circuit, because it pays benefits pursuant to the applicable insurance policy.

(Def.'s Resp. 3–4.) The issue of conflict of interest was not briefed by the parties until these motions for reconsideration. Based on the policy attached to the Complaint and the parties agreement in their current motions, I find that the proper standard in this case is a heightened arbitrary and capricious standard of review. Because the policy is attached to the Complaint, I see no need for Plaintiff to amend its Complaint to include an allegation of conflict of interest. Therefore, I will grant Plaintiff's Motion and find that the appropriate standard of review is the heightened arbitrary and capricious standard.

## II. *Plaintiff may not supplement the administrative record with Dr. Jarolem's affidavit.*

■ In Defendant's Motion for Reconsideration, it argues that my Order misapprehended the alleged conflict between Dr. Jarolem's report dated September 20, 2005 and the letter signed by Dr. Jarolem on October 18, 2005. I previously found that the subsequent letter directly conflicted with Dr. Jarolem's medical report less than a month earlier. Dr. Jarolem's signature dated October 18, 2005 on the letter indicated his agreement with Defendant's determination that "Ms. Sanzone is not precluded from performing full-time unrestricted SEDENTARY work." DE 41, Ex. 6 (emphasis in original). Dr. Jarolem wrote in a report dated September 20, 2005 that Plaintiff had a 6% "impairment rating for the one-level non-surgically-treated cervical disk herniation." (Def.'s Mot., 5.) In Plaintiff's Motion to Supplement, however, Plaintiff represents that Dr. Jarolem found that Plaintiff had a "permanent partial disability of 6%," and that Dr. Jarolem had determined that

---

1. In its Motion for Partial Reconsideration, Plaintiff does not seek to alter any other portion of my order except my finding on standard of review. I did not apply this standard in my Order [DE 49] granting Plaintiff's motion to supplement the record, but I will use the applicable standard of review in my analysis on summary judgment at a later stage in this case.

Plaintiff had a "permanent disability."[2] DE 27 at 1, 3.

Upon closer review of the documents, I find that the letter Dr. Jarolem signed on October 18, 2005 does not directly conflict with the report that he issued on September 20, 2005. The misapprehension in my previous order was based on my misreading of Plaintiffs pleadings.

■ Under the law of this Circuit, when the heightened arbitrary and capricious standard of review is appropriate in an ERISA case, the court confines its review to the administrative record. *Mack v. Metro. Life Ins. Co.*, 2007 WL 1720471, *1 (11th Cir.2007) ("[W]hen a plan grants its administrator discretionary authority to interpret it (which the parties agree is the case here) the parties may not generally introduce evidence of disability in the district court, so that the case must be decided on the administrative record."); *Richards v. Hartford Life & Accident Co.*, 153 Fed.Appx. 694, 696–697, n. 1 (11th Cir. 2005) (approving of refusal to allow supplementation of administrative record when applying the heightened arbitrary and capricious standard of review in an ERISA case); *see also Pace v. Liberty Life Assurance of Boston*, 2006 WL 287863, *13 n. 9 (S.D.Ala.2006) ("In applying the first step de novo review articulated in Williams, the court specifically stated that the de novo review is of the administrative record and that it was not error for the district court to refuse to consider affidavits that were not part of the administrative record.") (citing *Richards*, 153 Fed.Appx. at 696).

Although my prior Order stated that none of the cases cited by Defendant dealt with an affidavit from the same doctor refuting his earlier opinion, that was also incorrect. *See Richards*, 153 Fed.Appx. at 696–697, n. 1 (approving of refusal to consider affidavit of doctor prepared after final administrative decision, where defendant based its determination in part on an opinion of the same doctor); *see also Pace*, 2006 WL 287863 at *15 (refusing to consider sworn statement by doctor that was executed eight months after final denial of claim, where defendant had considered other documentation by the same doctor). Even though the affidavit Plaintiff seeks to submit and the letter relied upon by Defendant were signed by the same doctor, under the law of this Circuit, my review is confined to the administrative record.

Upon re-review, even if I consider whether good cause had been shown here to supplement the record with Dr. Jarolem's affidavit, no good cause has been shown here. Again, the letter signed by Dr. Jarolem on October 18, 2005 does not directly conflict with the report he had previously issued on September 20, 2005. My misapprehension on this matter and my previous finding of good cause were based on my incorrect assumptions about the representations in Plaintiffs pleadings. In addition, although Plaintiff represents in its Motion to Supplement that it only received the letter signed by Dr. Jarolem through discovery, Plaintiff could have requested a copy of this letter from Defendant after receiving her initial denial of benefits letter in October of 2005. DE 32–2, Ex. 5[3]. However, Plaintiff admitted at oral argument that she did not request a copy of this letter, and this further shows a lack of good cause. *See Priest v. Fireman's Fund Ins. Co.*, 2007 WL 475325 (W.D.N.Y.2007). Based on the controlling

---

2. The affidavit executed by Dr. Jarolem on May 4, 2007 states that Plaintiff has a "nonsurgical impairment rating of 6%." DE 27, Ex. 1.

3. For clarification, the initial denial of benefits letter which I reference here was filed as DE 32, Exhibit 2 [DE 32–2]. However, within Exhibit 2, Defendant filed several exhibits and the first page of the denial letter is marked as Exhibit 5.

case law and Plaintiff's lack of good cause to supplement the record, Plaintiff will not be allowed to supplement the administrative record with Dr. Jarolem's affidavit.

Therefore, I will grant Defendant's Motion for Reconsideration, finding the need to correct clear error on my part, and deny Plaintiff's Motion to Supplement the record with the affidavit of Dr. Jarolem. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Partial Reconsideration is GRANTED; the applicable standard of review is heightened arbitrary and capricious as opposed to arbitrary and capricious.

2. Defendant's Motion for Reconsideration is GRANTED. Plaintiff's Motion to Supplement the Administrative Record is now DENIED and the affidavit executed by Dr. Jarolem on May 4, 2007 will not be part of the administrative record in this case.

**DONE AND ORDERED.**