**Linda BIGLEY, Plaintiff,**

v.

**CIBER, INC., Long Term Disability Coverage for: Class I: All Salaried and Administrative Employees Who Work 40 Hours Per Week, and Class II: All Other Salaried and Administrative Qualified Full–Time Employees Who Work 32–40 Hours Per Week, Defendant.**

**Civil Action No. 11–cv–0055–RBJ–MJW.**

United States District Court, D. Colorado.

Dec. 20, 2011.

---

Brian A. Murphy, Attorney at Law, Louisville, CO, Christopher R. Corkadel,

The Law Office of Christopher R. Corkadel, Denver, CO, for Plaintiff.

Brett C. Painter, Kristi Anhthu Walton, Davis Graham & Stubbs, LLP, Denver, CO, for Defendant.

## ORDER ON PENDING MOTIONS

R. BROOKE JACKSON, District Judge.

Plaintiff, a former employee of Ciber, Inc., claims entitlement to long-term disability benefits under Ciber's employee benefits plan. She contends that the plan's denial of benefits violated Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). Three objections to magistrate judge orders are pending and are resolved by this order.

### Facts

Linda Bigley alleges that she has been disabled under the plan's definitions since May 6, 2002. She received long term disability benefits from May 6, 2002 through May 5, 2004. Her benefits were terminated as of May 6, 2004. She exhausted administrative appeals and then filed this case in state court on November 6, 2007. After more than three years of procedural skirmishing in the state trial and appellate courts, the defendant was served with the summons and complaint on December 9, 2010. Defendant then removed the case to this Court based upon federal question jurisdiction.

**[Plaintiff's] Objection to Magistrate Judge's Denial of Plaintiff's Motion to Use the Appendix F.1 Scheduling Order Form [docket # 13].**

On March 31, 2011 the Magistrate Judge, pursuant to an order of reference from the district court, issued an order setting a scheduling conference. He directed the parties to submit a scheduling order in advance of the conference using the format set forth in Appendix F.2 of the

local rules which provides the format to be used in actions for review on an administrative record.[1] Plaintiff then moved for an order that Appendix F.1, applicable to civil actions generally, be used instead. Plaintiff argued that the use of Appendix F.1 would deprive plaintiff of due process, including the right to discovery and a jury trial. On June 2, 2011 the magistrate judge denied the motion by written order without further comment. The order combines the magistrate judge's implicit interpretation of the nature of the case (an action for review on an administrative record) and application of a local rule. These are conclusions of law that this Court reviews de novo. Fed.R.Civ.P. 72(a).

■ Review by district courts of a denial or termination of benefits under ERISA is under a de novo standard unless the benefit plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). If discretionary authority exists, review is under an abuse of discretion (arbitrary and capricious) standard. *Ibid.*

■ Review under an abuse of discretion standard is generally limited to the administrative record. *Holcomb v. Unum Life Ins. Co. of America,* 578 F.3d 1187, 1192 (10th Cir.2009); *Hall v. UNUM Life Ins. Co. of America,* 300 F.3d 1197, 1201 (10th Cir.2002); *Sandoval v. Aetna Life and Cas. Ins. Co.,* 967 F.2d 377, 381 (10th Cir.1992). *See also Graham v. Hartford Life & Acc. Ins. Co.,* 589 F.3d 1345, 1355–57 (10th Cir.2009) (no right to jury trial in ERISA cases). *But see Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151 (10th Cir.2010) (if an administrator

operates under a "dual role conflict of interest," a claimant might not have access to the information necessary to establish the seriousness of the conflict without discovery). If a de novo standard applies, then the district court may supplement the record " 'when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.' " *Id.* at 1202 (quoting *Moon v. Am. Home Assurance Co.,* 888 F.2d 86, 89 (11th Cir.1989)).

■■ The Tenth Circuit cautioned that, even in de novo review cases, "it is the unusual case in which the district court should allow supplementation." *Hall,* 300 F.3d at 1203. Examples of exceptional circumstances that could warrant the admission of additional evidence are

(1) claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; (2) the availability of very limited administrative review procedures with little or no evidentiary record; (3) the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; (4) instances where the payor and the administrator are the same entity and the court is concerned about impartiality; (5) claims which would have been insurance contract claims prior to ERISA; and (6) circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Ibid.* (quoting *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1027 (4th Cir. 1993) (numbers added)). District courts are not required to admit additional evidence even when these circumstances exist. "[T]he party seeking to supplement

---

**1.** Appendix F.2 of the Local Rules as amended effective December 1, 2011 provides a for- mat specifically for ERISA cases.

the record bears the burden of establishing why the district court should exercise its discretion to admit particular evidence by showing how that evidence is necessary to the district court's de novo review." *Ibid.*

Plaintiff cites *Jewell v. Life Ins. Co. of North America*, 508 F.3d 1303 (10th Cir. 2007). In a footnote in that case, which like the present case involved a claim of an ERISA violation, the court criticized the phrase "judgment on the administrative record." The court noted that the Federal Rules of Civil Procedure do not contemplate such a mechanism, and that it creates unnecessary work for appellate courts "in deciding whether to construe such a motion *ex post* as one for a bench trial 'on the papers' [citing *Hall*, supra] or as one for summary judgment." *Id.* at 1307 n. 1 (other citations omitted). This comment did not suggest that a plaintiff in an ERISA case is entitled to a conventional trial or to conventional Rule 26–type discovery procedures.

■ In short, review is on the administrative record, subject to supplementation in some circumstances. Therefore, Appendix F.2, not F.1, provides the appropriate format. I emphasize as well that all the magistrate judge did was select a format for a scheduling order. He did not address discovery or whether supplementation of the record would be permitted. In fact, in the scheduling order ultimately issued, the magistrate judge set a deadline of August 8, 2011 for either party file a motion requesting discovery and a deadline of September 7, 2011 for either party to file a motion to supplement the record.

For all these reasons plaintiff's objection is denied and the decision of the magistrate judge is affirmed.

**[Plaintiff's] Objection to Award of Fees and Costs Related to Minute Orders of July 8 and July 18, 2011 [docket # 26].**

On July 7, 2011 defendant filed an "Unopposed Motion Requesting Discovery." The motion in substance sought permission to supplement the administrative record with the records of The Prudential Insurance Company, the administrator of Ciber's long term disability plan. The motion explained that Prudential had indicated that it could not release its records without a release from the plaintiff, but that plaintiff refused to provide such a release, arguing that the defendant plan should have been able to obtain the records without a release. The motion noted that plaintiff's counsel had indicated that plaintiff did not object to the motion.

On July 8, 2011 the magistrate judge by written minute order granted the motion. The magistrate added, *sua sponte*, an order that plaintiff show cause in writing by July 15, 2011 as to why she should not have to pay defendant's costs and attorney's fees incurred in filing the unopposed motion "which apparently was necessitated by the plaintiff's refusal to sign a release for the defendant to obtain the records described in the unopposed motion." Plaintiff's objection # 26 in part objects to the July 8, 2011 order. However, that order did nothing more than grant an unopposed motion and order the plaintiff to show cause.

On July 18, 2011 the magistrate judge, noting that plaintiff had filed nothing and therefore had not complied with the July 8, 2011 order, awarded defendant attorney's fees and costs in an amount to be determined either by agreement or, absent an agreement, then after the defendant filed an affidavit concerning its fees and costs followed by full briefing by the parties.[2]

---

2. The parties did not agree on an amount. After receiving briefs, the magistrate judge on September 8, 2011 awarded attorney's fees of $2,178 against the plaintiff.

In support of plaintiff's objection to that order, plaintiff's counsel states that he was out sick on July 8, 2011. He acknowledges that he received email notification that the unopposed motion had been granted, but he states that he did not see the portion of the order directing him to show cause. He adds that he had no reason to suspect that fees and costs would be awarded, because he did not object to the motion, and defendant had not requested an award of fees or costs. Finally, he states that because he of his illness, he was working minimal hours at the time and did not read the July 8, 2011 order until July 21, 2011.

I understand the magistrate judge's frustration. It appears, based upon plaintiff's having no objection to supplementation of the record with the Prudential documents, that plaintiff or plaintiff's counsel refused to grant a release regarding the Prudential records for no substantial reason. By doing so, plaintiff forced the defendant to incur fees and perhaps costs in filing an unnecessary motion. If so, it is the type of procedural nonsense that causes litigation costs to soar and the merits of a case to be delayed.

I also note the ambiguous statement that, although counsel received email notification that the unopposed motion had been granted, he "did not see" the portion of the order that required plaintiff to show cause. Did he not see because he did not look, or did he not see because someone charged with the responsibility of alerting him to developments in the case carelessly omitted the obviously most significant part of the magistrate judge's order?

█ Nevertheless, I am prepared at this point to give plaintiff's counsel the benefit of the doubt. I accept his statement, provided as an officer of the court, that he did not see, and implicitly that he was not aware of, the portion of the order requiring that he show cause until after the July 18, 2011 order was issued. If so, then the magistrate judge's ruling could be viewed as being clearly erroneous. Fed.R.Civ.P. 72(a). Accordingly, the objection is granted in part. The matter is remanded to the magistrate judge. Plaintiff may respond to the order to show cause, that is, to show cause why plaintiff or counsel should not be sanctioned for refusing to provide a release for the Prudential records. Plaintiff is directed to file his substantive response to the order to show cause within one week after the date of this order. The magistrate judge may then determine whether to hold a hearing and, ultimately, whether an award of attorney's fees or costs is appropriate.[3]

**[Plaintiff's] Objection to Magistrate Judge's Denial of Plaintiff's Motion Requesting Discovery [docket # 54].**

On October 14, 2011 plaintiff filed a "Motion Requesting Discovery." Counsel indicated that he wished to conduct discovery concerning "what actually constitutes the 'Administrative Record' in this action

**3.** I am aware that in her response to defendant's application for attorney's fees in sum certain, plaintiff through counsel makes arguments in the nature of cause for not providing a release [docket # 36]. The magistrate judge presumably reviewed that filing. By remanding the case to permit plaintiff to show cause, I may be faulted for precipitating the very kind of unnecessary litigation of which plaintiff is accused. However, at that point the issue before the magistrate was not whether there was cause; instead, it was an appropriate amount of fees and costs to be awarded. In any event, I am content to give plaintiff's counsel a second opportunity to address the magistrate judge on this issue with the following comment in mind. Plaintiff should be very, very cautious about accusing the opposing party or counsel of having "lied" to the Court. Unless the accuser has unequivocal proof that this is what occurred, I would find it entirely inappropriate and potentially sanctionable.

and what review was actually conducted by the plan administrator." Motion ¶ 4. The motivation for this concern, according to the motion, is the alleged "admission" of the plan administrator that it did not have a complete record. This refers to defendant's motion to supplement the record with the Prudential files. Plaintiff adds that since the defendant did not have the documents, plaintiff cannot rely on those documents to determine what type of review the plan administrator conducted. Motion ¶ 4, 5. The motion does not specify what types or amounts of "discovery" plaintiff wishes to pursue. However, Ex. A to defendant's response to the motion includes an email from plaintiff's counsel in which he indicates that he wishes "to depose someone who represents the Plan who can tell me go (sic) through the Administrative Record with me, verify its contents and the source of each document, as well as provide a detailed description of the claim analysis which was completed."

■ The magistrate judge denied the motion by written order issued November 10, 2011. He found that plaintiff had not challenged the administrator's procedures or alleged a conflict of interest, which were the instances provided by the court in *Murphy*, 619 F.3d at 1162. Order ¶ 8–10. Also, citing *Panther v. Synthes (USA)*, 371 F.Supp.2d 1267, 1275–76 (D.Kan.2005), the magistrate judge concluded that a plaintiff is not entitled to explore a plan administrator's thought process or analysis. Order ¶ 10. Finally, the magistrate judge found that plaintiff had failed to demonstrate that discovery in the form of a deposition of the plan administrator is needed by the district court in order to determine whether the denial of benefits was arbitrary or capricious. Order ¶ 11.

I agree with the magistrate judge. Plaintiff in her motion does not address whether review in this case is de novo or for an abuse of discretion, and therefore, whether this is a case in which supplementation of the record might be permitted. She likewise does not address whether, under the terms of the plan, the plan administrator is operating under a dual role conflict of interest. *See Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1010–11 (10th Cir.2008). These factors affect whether the administrative record can be supplemented and, in turn, whether discovery will be permitted. *See generally Murphy*, 619 F.3d at 1156–64 (discussing discovery in ERISA cases at length).

Instead, plaintiff's request for discovery began with the mistaken premise that even the plan administrator did not have all documents that comprise the administrative record. As discussed above, the issue raised by the defendant's motion to supplement the record was that the plan administrator had advised defendant that it could not release the record for filing with the Court without a release from the plaintiff (or a court order). From that premise plaintiff concludes that she needs to conduct discovery to determine what actually constitutes the administrative record and what review was conducted by the plan administrator. In substance, she is suggesting that an ERISA plaintiff always has the right to conduct discovery on those potentially broad subjects. However, that is not consistent with applicable precedent.

The pending objection requires only that the Court address whether the magistrate judge was correct in the one ruling in question. The Court does not address whether there might be some subject matter as to which some form of discovery might be allowable. The Court can, however, say that discovery will not be permitted unless plaintiff can show that there is discovery to which it is entitled consistent

with the points and authorities discussed in this order.